## The City of Jacksonville

*v.*

## Howard L. Doan.

*Filed at Springfield, April 3, 1893.*

1. Nuisance—*created by the discharge of a sewer—liability of city.* Where a city constructs a sewer so as to empty the sewage and filth carried therein into a creek outside of the city limits, it must see that the contents of the sewer when so emptied will flow off without endangering the health of that locality; and if there exist obstructions preventing the flow of the filth, it will devolve upon the city to remove them.

2. A city has the right to construct a sewer for the purpose of carrying off the sewage of the city; but if the substances discharged from the mouth of a sewer are injurious to the residence of a citizen, he will have his remedy for such damages as he has thereby sustained. The city has no right to empty the contents of such sewers at a point inside or outside of its limits, where it may endanger the health or life of a citizen, and escape liability.

3. In such case the fact that obstructions are allowed in the creek below the place where the sewer empties into it, regardless of who placed the obstructions in the creek, or whose duty it was to remove them, will not deprive the plaintiff of a right of action against the city.

4. SAME—*want of care by plaintiff*. In an action on the case against a city for emptying a sewer into a creek above and near the plaintiff's residence, and thereby injuring the plaintiff by offensive odors and stench arising from the filth thrown into the creek, the plaintiff must not, by his own want of ordinary care, materially contribute to the injury. If he suffers obstructions to accumulate in the creek on his own land, and they are the cause of his injury, he can not recover.

5. APPEALS AND WRITS OF ERROR—*error will not always reverse.* There is no error in refusing an instruction announcing a correct principle of law, when the same principle appears in other instructions which were given in substance, though in a different form.

APPEAL from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of Morgan County; the Hon. C. EPLER, Judge, presiding.

Mr. F. H. ROWE, Mr. O. P. THOMPSON and Mr. M. T. LAYMAN, for the appellant:

Appellee must have known that by the ordinary course of events he would be annoyed by smells from the creek, unless he kept it free from obstructions, on his own land at least. *Ind. & St. L. R. R. Co.* v. *Herndon*, 81 Ill. 143.

In a case of this kind, speculation must be resorted to in order to determine the amount of damages, but not as to determining whether there is a wrongful act on the part of the defendant. *Indianapolis, Bloomington & Western Ry. Co.* v. *Birney*, 71 Ill. 391.

Two instructions were offered by the defendant in regard to the question whether this action is such an one as entitles the plaintiff to a private action. A city is liable to indictment the same as an individual for creating nuisances, and the question is whether the plaintiff received any injury over and above what the public may have suffered. *Cooley on Torts*, p. 620.

If Doan can sue as often as he pleases for this annoyance, the defendant city will be subjected to private suits by a large number of parties and by individuals who have received no damage over and above what the public generally have received. *Blood* v. *Nashua & Lowell R. R. Co.*,

Gray, 137; *Brightman* v. *Fairhaven*, 7 Gray, 271; *Fall River Iron Co.* v. *Old Colony R. R.*, 5 Allen, 221; *Aurora* v. *Reed*, 57 Ill. 29; *Dixon* v. *Baker*, 65 Ill. 518.

Mr. JOHN A. BELATTI, for the appellee:

There is testimony that there was a water gap across the creek below the plaintiff's premises, that the slats forming it were some four inches apart, and did not dam the water, and collected only a few sticks of driftwood, and it was such as is usually built across such streams in this country.

There is no evidence showing any obstructions on plaintiff's land or under his control that could or did dam the water or obstruct its flow; and that instruction as asked was clearly erroneous, and was properly refused.

Counsel also complain that an instruction asked by them as to speculative damages was refused. The trial court gave one instruction that is practically the same as the one refused, and if the instruction was proper, it had been given, and it was not error to refuse to give a duplicate.

Counsel for appellant claim that appellee did not sue for damages to the realty. Appellee does not wish to live there if the city sewage is to remain there, and so took this method of compelling the city to remove its sewage from his premises. If the city wants his land it can either buy it or condemn it, as it may choose.

It is hardly worth while to argue that the damage to appellee is a private damage. The people of the State or the county are not affected as he is. His dwelling house is made uninhabitable by the sewage, but the public is not affected as plaintiff is.

As to the liability of the city for a nuisance injuring private property, see *Nevins* v. *City of Peoria*, 41 Ill. 502; *City of Jacksonville* v. *Lambert*, 62 Ill. 519; *City of Aurora* v. *Reed et al.*, 57 Ill. 29; *Rigney* v. *City of Chicago*, 102 Ill. 64.

Mr. Justice Craig delivered the opinion of the Court:

This was an action of trespass on the case brought by Howard L. Doan against the City of Jacksonville, for personal damages, alleged to have been caused by stenches and odors from a sewer under control of the City of Jacksonville, and discharging into the Mauvaisterre creek in the neighborhood of plaintiff's house.

To the declaration the defendant pleaded the general issue, and in a trial before a jury, the plaintiff recovered a judgment for $260, which was affirmed in the Appellate Court. The first error complained of was the decision of the court refusing the following instruction:

"That if the jury believe from the evidence that there were obstructions in Mauvaisterre creek below the mouth of Church street sewer, and if they believe that such obstructions caused offensive matter to remain in said creek and cause damage to the plaintiff, if they believe that he received injury, then the plaintiff can not recover from the City of Jacksonville any damage that may have been caused by such obstructions."

It appears from the evidence that plaintiff resides on a farm, which he owns, two miles from Jacksonville, outside of the city limits; Mauvaisterre creek runs across the lower end of plaintiff's farm, within three hundred and twenty feet of plaintiff's residence; North Church street sewer empties into the creek a quarter of a mile southeast from plaintiff's residence; a large number of water-closets are connected with this sewer; all the sewage from the Deaf and Dumb Institution, including its water-closets, empties into this sewer.

From these facts, and other evidence in the record, the jury had ample evidence before them from which they might find that the damages complained of resulted from the acts of the defendant. It is true that plaintiff was required to exercise ordinary care to avoid the damages of which he complains, and if he materially contributed to the

injury, he could not recover. If the plaintiff suffered obstructions to accumulate in the creek on his own land, and these obstructions were the cause of the damages complained of by the plaintiff, he ought not to recover. But this was not the principle announced in the instruction. Under the instruction, if obstructions were in the creek below the mouth of the sewer, regardless of who placed the obstructions in the creek, or whose duty it was to remove them, plaintiff could not recover for damage caused by such obstructions. This was not a correct rule. It was the business of the defendant to see that the contents of the sewer, where it was emptied into the creek, would flow off without endangering the health of that locality, and if there existed obstructions which would prevent the flow of the objectionable matter, it devolved upon the city to remove them. But if the rule announced in the instruction was correct, its refusal did no harm, for the reason that the jury were told, in plain terms, in several of defendant's instructions, that defendant was only liable for such damages as resulted from its own acts. Thus, in defendant's fifth instruction, it is declared that a party suing for an injury can only recover such damages as naturally flow from and are the immediate natural result of the acts complained of. So, also, in the eighth instruction, they were told that if the damages resulted from the combined result of stenches arising from defendant's sewage, and from other sources, the plaintiff can not recover for any damage suffered in consequence of such other causes of injury. It is, therefore, plain that the refusal of the instruction resulted in no injury to the defendant.

The second error complained of was the refusal of the court to give the following instruction:

"The court instructs the jury that the plaintiff can not recover in this case for speculative damages, and if speculation or conjecture is resorted to for the purpose of determining whether the alleged injury results from the wrong-

ful act of the defendant or from some other cause, then the plaintiff can not recover for such injury."

We perceive no special objection to this instruction; but the substance of the instruction was given to the jury in defendant's instructions two and three, and it was not error to refuse a repetition of the same principle in a different form.   In number two the jury was told plaintiff could only recover "for actual damages the testimony may show, if any, directly resulting to him by reason of the alleged wrongful acts of the defendant," while number three declared as follows:

"The court instructs the jury, that if the plaintiff has any right to recover in this case, he can only recover actual damages, or such damages as will make good the actual loss sustained by him; and you can not award exemplary or vindictive damages; you must ascertain the loss, if any, sustained in dollars and cents, as nearly as you can approximate thereto."

These instructions are so plain in regard to what damages the plaintiff may recover, that the giving of the refused instruction was unnecessary.   The next and last ground relied upon to reverse the judgment is, that the court erred in refusing instructions asked by the defendant, to the effect that plaintiff could not recover, unless he had suffered damages different from the damage sustained by the public at large.   The evidence introduced on the trial tends to prove that during the summer season the stench from the mouth of the sewer at night was so strong that the occupants of the house could not sleep, unless the doors and windows were closed; that the members of plaintiff's family were rendered sick and vomited from the effects of the stench; that his place was rendered unhealthy, and indeed unfit to occupy as a residence.   Under such circumstances it can not with reason be said that the public at large is affected as was the plaintiff.

In *Nevins* v. *The City of Peoria*, 41 Ill. 502, it was held that a city may elevate or depress its streets as it thinks proper; but if in so doing it turns a stream of mud and water upon the grounds and into the cellar of one of its citizens, or creates in his neighborhood a stagnant pond that brings disease upon his household, it should not be excused from paying for the injuries it has directly wrought. The same rule was announced in *City of Aurora* v. *Gillett*, 56 Ill. 132, and *City of Aurora* v. *Reed*, 57 Ill. 30. *City of Jacksonville* v. *Lambert*, 62 Ill. 520, is also a case in point. There an action was brought by a land-owner to recover damages in consequence of the construction of a sewer with an outlet some three hundred feet from plaintiff's lands, where noxious substances flowed out of the sewer, rendering, as alleged, the air unwholesome and offensive, whereby plaintiff had been annoyed and injured, etc. It was held that the plaintiff could recover. Under the rule established in the cases cited the plaintiff was entitled to recover such damages as he had sustained. The city had the right to construct the sewer for the purpose of carrying off the sewage of the city; but if the substances discharged from the mouth of the sewer were injurious to the residence of a citizen, he has his remedy for such damages as he has sustained. The city has no right to empty the contents of one of its sewers at a point inside or outside of the city, when it may endanger the health or life of a citizen, and escape liability.

The judgment of the Appellate Court will be affirmed.

*Affirmed.*