## GLADSTEIN *v.* LEVINE ET AL.

[No. 7,475. Filed January 23, 1912.]

ACCOUNTS.—*Contracts.—Evidence.—Custom.*—In an action on an account for goods sold and delivered to a merchant at Sellersburg, evidence of a local custom of merchants in said town, permitting merchants to return goods after holding them a certain time, and receiving credit therefor, is inadmissible.

From Clark Circuit Court; *Harry C. Montgomery,* Judge.

Action by David Levine and others against Abraham Gladstein. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*H. W. Phipps* and *George C. Kopp,* for appellant.
*Wilmer T. Fox,* for appellee.

ADAMS, J.—Appellees recovered a judgment against appellant for a balance due for merchandise sold and delivered. The complaint, which was in the usual form, was answered by general denial and a plea of payment. Trial by jury and verdict for appellees in the full amount of their demand. Motion for a new trial was overruled, and judgment rendered on the verdict.

The only error assigned on appeal is the overruling of the motion for a new trial.

It appears from the evidence that appellant gave an order to appellees for certain merchandise, which was delivered and accepted by appellant. Subsequently appellant wrote to appellees asking that he be permitted to return the goods remaining unsold. In answer, appellees refused to receive the goods, but offered an extension of time for payment, which offer was accepted in writing by appellant.

Appellant insists that the trial court erred in refusing testimony offered to show that a custom prevailed in the town of Sellersburg, which permitted merchants to return goods after holding them a certain time, and receive credit therefor. This is the only question presented by the record.

Even if this remarkable commercial usage did prevail among the merchants of the town of Sellersburg, the court properly excluded the evidence. (1) There was no answer setting up the custom, and (2) the evidence offered was such as to nullify an absolute written agreement to pay.

The record before us does not present a question that is not well settled against the contention of appellant. The judgment is affirmed.