Argued September 26, affirmed October 7, rehearing denied December 2, 1919.

## HURST *v.* LARSON.

(184 Pac. 258.)

Customs and Usages—Not Admissible to Add to or Contradict Contract.

· 1.   Under Section 727, subdivision 12, L. O. L., evidence of usage is admissible only as a means of interpreting act, contract or instrument, where true character thereof is not otherwise plain, and is not admissible to add new terms or stipulations to contract or contradict explicit terms thereof.

Customs and Usages—As to Duty of Buyer of Potatoes to Furnish Car.

2.   Where contract for sale of potatoes did not specify who was to furnish the means of transportation, evidence of a custom requiring buyer of less than a carload of potatoes to furnish car was admissible under Section 727, subdivision 12, L. O. L.

Customs and Usages—Incorporation of General Custom in Written Contract Unnecessary.

3.   A general custom known to both contracting parties respecting the subject matter of their stipulation is in a certain sense a law covering them, so that it is not necessary to mention it in writing.

Costs—On Verdict in His Favor, Defendant Entitled to Costs and Disbursements.

4.   Where verdict was adverse to plaintiff, defendant was entitled to judgment for costs and disbursements.

[As to charges recoverable by prevailing party, see note in 88 Am. Dec. 187.]

From Clackamas: JAMES U. CAMPBELL, Judge.

Department 2.

The plaintiff, contending that he has been and is ready, able and willing to perform his part of the agreement hereinafter mentioned, charges that the defendants have refused to deliver the property for which he contracted.   The contract is as follows:

"W. S. Hurst & Co. have this day bought from E. A. Larson and H. Larson of Molalla and the said E. A. Larson and H. Larson have this day sold to said W. S. Hurst & Co. the following: 300 sacks Burbank pota-

toes, at 90c per 100 lbs., to be delivered f. o. b. Liberal and shipped to the said W. S. Hurst & Co., at Portland. The above potatoes to be sound, merchantable goods, free from imperfections, cuts, culls, knobby or rough, ill shaped stock, and to be well sorted to common quality and in size not less than 3 inches in length and —— in diameter. Must be sacked in good, sound, clean No. 1 second hand sacks. Sacks to be full mouthed and to average 115 pounds per sack.

"Remarks: Sacks to be furnished by buyers. Delivery to be made on or before Nov. 15, buyers' option.

"E. A. LARSON,<br>
"HANS LARSON,<br>
"Seller.

"Paid on account ——.
"Dated at Canby, this 29th day of Sept., 1916.

"W. S. HURST & Co.,<br>
"Sellers.

Among other things, after admitting the execution of the instrument, the defendants answer as follows:

"That at the time of signing said alleged agreement it was the custom of plaintiff and for two or three years last past it had been the custom of plaintiff and of other buyers of potatoes to purchase from farmers and producers in and around, Liberal, Canby and other nearby points in Clackamas County, Oregon, potatoes grown individually by said farmers and producers, in less than carload lots, and at the time of shipping the same plaintiff and other buyers would furnish a car for loading the same, and then notify said farmers and producers who would then load their potatoes in the cars so furnished by plaintiff and other buyers, thereby making full carload lots, which said custom was known to plaintiff and his agents and to said defendants at the time of signing said agreement, and said alleged contract was made with reference to such usage and custom.

"That the said 300 sacks of potatoes referred to in said alleged agreement were and are less than a carload lot."

This matter was traversed by the reply. The trial in the Circuit Court resulted in a verdict and judgment for the defendants. The plaintiff appeals.

AFFIRMED.

For appellant there was a brief over the names of *Mr. Paul C. Fischer* and *Messrs. Sever & Cooke,* with oral arguments by *Mr. Fischer* and *Mr. Herbert A. Cooke.*

For respondent there was a brief and an oral argument by *Mr. O. D. Eby.*

BURNETT, J.—The assignments of error are three. The first two are based upon the admission of the testimony of the two defendants respecting the custom alluded to in their answer. The third is predicated upon the entry of judgment against the plaintiff and in favor of the defendants for the costs and disbursements incurred. In effect, the testimony of E. A. Larson, defendant, on the subject of custom was that it had been the practice in the vicinity where he resided and the potatoes in question were produced, for the buyer to furnish the cars for their transportation, in all cases that he knew of, and that the farmers there raise small tracts of potatoes and the buyer orders the car and informs the grower when he gets the car there ready for loading. The testimony of the other defendant was practically the same.

1. It will be observed that the contract requires the potatoes to be delivered by the defendant "f. o. b. Liberal, and shipped to the said W. S. Hurst & Co. at Portland." It is silent about the means of carriage on board which the produce was to be placed, or who was to furnish the same. Under our statute, L. O. L., Section 727, subdivision 12, evidence may be given of

"usage, to explain the true character of an act, contract or instrument where such true character is not otherwise plain. But usage is not admissible except as a means of interpretation." It is plain, therefore, that no new terms or stipulations can be added to a contract by proof of usage. Neither can the plain, explicit terms of a written agreement be contradicted by such testimony. It is otherwise where it is not plain what the true character of the instrument is, or where the stipulation is silent upon something necessary to the complete performance thereof. In *Holmes* v. *Whitaker,* 23 Or. 319, 324 (31 Pac. 705, 706), speaking of the silence of the contract respecting who should furnish the boat upon which the property which was the subject of sale was to be transported, it is said:

"Hence, proof of usage or custom, if any prevailed, is admissible to supply these details upon which the contract is silent; if such usage or custom was known to the plaintiffs at the time the contract was made."

2. In the feature under consideration the Holmes-Whitaker case is not materially different from the one in hand, and hence it was competent here to take the testimony of the defendants respecting the custom governing such matters, and it was a proper issue in the case upon which the defendants were entitled to give evidence.

3. Much reliance is placed by the plaintiff on the case of *Culp* v. *Sandoval,* 22 N. M. 71 (159 Pac. 956, L. R. A. 1917A, 1157), holding in effect that where an individual has agreed to perform an act, whatever is necessary to such performance is a part of the agreement and it is implied that he must furnish the means of accomplishing the act; hence, when a vendor has contracted to sell goods f. o. b. cars, he must procure the

cars and load the goods thereon. That precedent is not applicable to the present contention, because in that case no custom was pleaded, while here it is stated in defense that the custom existed and was known to the plaintiff, so that if this be true it must have entered into the negotiations of the parties automatically without express mention of it. By analogy it may be said that a general custom known to both contracting parties respecting the subject matter of their stipulation is, in a certain sense, the law governing them, so that it is not necessary to mention it in the writing. Or, as said in *Sawtelle* v. *Drew,* 122 Mass. 229, quoted with approval in the Holmes-Whitaker case:

"A custom within the meaning of the law, if general, is incorporated into and becomes a part of each contract to which it is applicable; if local, of every contract made by parties having knowledge of or bound to know its existence."

There was no error in receiving the testimony of the defendants about the custom.

4. The verdict was adverse to the plaintiff. No exception is noted respecting the rulings of the court prior to the rendition of the verdict, except the objections to the testimony already considered. These being unavailable, the judgment for the defendants for costs and disbursements follow as a necessary consequence, so that there is no error to be predicated on the third assignment.

The judgment is affirmed.          AFFIRMED.

BEAN, BENNETT and HARRIS, JJ., concur.