Submitted on briefs March 29, reversed and remanded May 24, 1921.

## SIMMS *v.* SULLIVAN.

(198 Pac. 240.)

Customs and Usages—Local Custom must be Specially Pleaded.

1.   That a local custom relied on to take a case out of the general rule of law may be shown, it must be specially pleaded.

Customs and Usages—Bind Only Those Having Actual or Presumed Knowledge.

2.   That party may be bound by a trade custom or usage, he must have actual knowledge of it, or it must be so general that he will be presumed to have knowledge of it.

Customs and Usages—No Presumption of Knowledge of Custom of Garage-keepers not to Drain Water from Stored Car.

3.   There is no presumption that the custom or usage of the garage-keepers of Portland in failing to drain water from automobiles left with them for storage is known to persons storing them.

Customs and Usages—Part of Contract by Implication.

4.   Valid customs known to the parties concerning the subject matter of an agreement are part of it by implication, and are admissible to aid in its interpretation, and not to contradict or vary its plain terms.

Livery-stable and Garage-keepers—Cannot Contract Against Liability for Negligence.

5.   A garage-keeper with whom an automobile is stored, being a bailee for hire, cannot by contract so limit his responsibility as not to be liable for his own negligence.

Livery-stable and Garage-keepers—Keeper's Liability not Affected by Owner of Stored Car Knowing of Condition of Place.

6.   Liability of a garage-keeper for injury to stored car is not affected by the car owner's knowledge of the condition of the place.

**Livery-stable and Garage-keepers—Care Required as to Stored Car Stated.**

7.   A garage-keeper must, with respect to a stored car, exercise such ordinary care as a man of ordinary prudence and discretion ought to exercise, and would be expected to exercise under all the circumstances if the car were his own.

**Livery-stable and Garage-keepers—Burden of Proof as to Care in Case of Injured Stored Car Stated.**

8.   Proof that water in car stored in good condition in garage froze, causing parts to burst, makes out a *prima facie* case against the garage-keeper, requiring him to show that he used due care.

**Evidence—Judicial Notice not Taken of Changes in Temperature.**

9.   Judicial notice cannot be taken of variations in temperature in particular places at particular times.

From Multnomah: WILLIAM N. GATENS, Judge.

In Banc.

On or about the twenty-seventh day of November, 1919, W. H. Simms, the plaintiff and appellant, left his car at the Fashion Garage, located at 192 Tenth Street, Portland, Oregon. This was a public garage conducted for the storage of automobiles by defendant L. I. Sullivan. By the acceptance of the car upon the part of Sullivan, the relationship of bailor and bailee for hire was established between the parties hereto.

The plaintiff asserted that the defendant did not take due and proper care of the said automobile, but, on the contrary, that he exercised so little care of the vehicle that the cylinders, radiator and gasket thereon were allowed to remain filled or surrounded with water, and on or about December 20, 1919, the water therein became frozen, and said cylinders, radiator and gasket were thereby broken and greatly injured.

After admitting and denying certain allegations of the complaint, defendant, by way of a further and separate answer, alleged that—

7.   On duty and liability of garage-keeper to owner of car, see notes in Ann. Cas. 1913E. 835; Ann. Cas. 1915D, 957; 45 L. R. A. (N. S.) 314; 48 L. R. A. (N. S.) 561.

" * * On or about the twenty-seventh day of November, 1919, the plaintiff, well knowing the premises and garage of the defendant and the condition thereof, * * made application to the defendant for a place to store his automobile, and he and the defendant agreed that the defendant would rent him a space for his automobile for the sum of $7.50 per month, * * and that the only service which he [defendant] agreed to render was that the plaintiff had the right to leave his automobile in the garage of the defendant and that he would render ordinary care in preserving same safely from loss or damage, and it was at all times understood and agreed that the plaintiff took the storage in the condition it then was, and that in case of any loss from the elements or acts of God, or any other than the ordinary care necessary, that the defendant would not be responsible therefor, and the defendant did all things which he agreed to do, and the loss, if any, was sustained by reason of the acts of God, on account of the freezing of the water in the radiator.''

The matter alleged in the foregoing paragraph was denied by the plaintiff.

During the course of the trial, the court admitted testimony of a local custom among the garage-keepers of Portland, over the objection of the plaintiff on the ground that the asserted custom had not been pleaded.

Trial by jury was waived and the issue of fact determined by the court. Based upon the findings made and the conclusions of law drawn therefrom, the complaint was dismissed.

REVERSED AND REMANDED.

For appellant there was a brief prepared by *Mr. Ernest Cole.*

For respondent there was a brief submitted by *Mr. P. J. Bannon.*

BROWN, J.—The plaintiff alleges that the court erred in allowing the introduction of evidence as to the existence of a local custom among the garage-keepers of the City of Portland. There was no allegation of any particular custom contained in the pleadings. At the trial a number of garage-keepers were permitted to testify that a custom existed among the keepers of garages at Portland to the effect that the storage of an automobile did not contemplate or include the duty of removing water from the radiator.

It is a familiar rule of pleading that the issues in each case are confined to those made by the pleadings, and in the trial the evidence adduced should be limited to support the issues thus made.

Defendant, by his answer, gave notice to the plaintiff that his defense was based upon a specific contract. On the trial the defense was founded not upon the contract pleaded, but upon local custom. Defendant undertook to excuse the full measure of responsibility that the law of bailment places upon him by showing local custom among the garage-keepers of Portland. The plaintiff objected, upon the ground that the custom was not pleaded. The weight of authority supports the general rule that evidence of a particular custom or usage such as was sought to be established by defendant, in any special line of business, is not admissible unless such custom or usage is specially pleaded. Some cases recognize exceptions to the general rule, but it is not necessary to refer to them here.

1. As a rule, local usages and customs are facts which must be averred and proved in the same manner as any other material fact connected with the subject of litigation. According to the weight of the decisions, whenever a special custom is relied

upon to take a case out of the general rule of law, such customs must be specially pleaded and cannot be shown under the general issue or general denial: 22 Ency. Pl. & Pr., pp. 406–408; *Gladstein* v. *Levine,* 49 Ind. App. 270 (97 N. E. 184); *First Nat. Bank* v. *Farmers' & M. Bank,* 56 Neb. 149 (76 N. W. 430); *Oriental Lbr. Co.* v. *Blades Lbr. Co.,* 103 Va. 730 (50 S. E. 270); *Smith* v. *Stewart,* 29 Okl. 26 (116 Pac. 182); *Payne* v. *Smith,* 33 Minn. 495 (24 N. W. 305); *Pittsburg Steel Co.* v. *Streety,* 61 Fla. 393 (55 South. 67); *Patton* v. *Texas & P. R. Co.* (Tex. Civ. App.), 137 S. W. 721; *Windland* v. *Deeds,* 44 Iowa, 98; *Consolidated Coal Co.* v. *Jones & A. Co.,* 120 Ill. App. 139.

2. Furthermore, it is a well-established principle of law that—

"In the absence of evidence that the party to be charged had actual knowledge of a trade custom or usage, it must, in order to be admissible against him, appear to have been so general that he will be presumed to have knowledge of it. * * As will be seen, knowledge of a usage is necessary in every case, in order to bind a person by its terms. Sometimes this knowledge must be expressly proved, and sometimes, from its generality and notoriety, the law raises the presumption that the usage was known." 17 C. J. 454, 455.

3. There is no general presumption that the custom or usage of the garage-keepers of Portland in failing to drain water from motor-cars left for storage, is known to persons who leave their cars for purposes of storage or for bailment. Before the plaintiff can be bound by a local custom of garage-keepers in the matter of the bailment of his car, he must have knowledge of such custom.

4. Valid usages, known to the contracting parties, concerning the subject matter of the agreement, or

usages of which the parties are chargeable with knowledge, are by implication incorporated therein, unless expressly or impliedly excluded by its terms, and are admissible to aid in its interpretation, not as tending in any respect or manner to contradict, add to, take from, or vary a contract, but upon the theory that the usage forms a part of the contract. But evidence of usage is not admissible to vary or contradict the terms of a plain, unambiguous contract, and in the more modern cases there has been strong judicial criticism of the tendency to resort to evidence of usage when to do so would indirectly control the true intention of the parties to contracts: 17 C. J. 492–495; *McCulsky* v. *Klosterman,* 20 Or. 108 (25 Pac. 366, 10 L. R. A. 785); *Holmes* v. *Whitaker,* 23 Or. 319 (31 Pac. 705); *Chadwick* v. *Oregon-Wash. R. & N. Co.,* 74 Or. 30 (144 Pac. 1165); *Hurst* v. *Larson,* 94 Or. 211 (184 Pac. 258). However, it has been held that, where evidence of custom or usage is offered for the purpose of showing what is merely incidental to an implied contract and relied upon only as evidence of some fact in issue, it need not be pleaded: *Harrison* v. *Birrell,* 58 Or. 410, 419 (115 Pac. 141); 17 C. J. 518. But this does not govern the instant case.

5. In the case at bar, the court committed error by admitting evidence of the particular custom of the garage-keepers. It has been decided that—

"A custom of garage-keepers contrary to the implied obligation of reasonable care for safekeeping arising in favor of an automobile owner by the storing of his car at a public garage cannot absolve the garage-keeper from observance of such care." *McLain* v. *West Virginia Automobile Co.,* 72 W. Va. 738 (79 S. E. 731, Ann. Cas. 1915D, 956, 48 L. R. A. (N. S.) 561).

This court has said:

"A bailee for hire cannot by contract so limit his responsibility to the bailor as not to be liable for his own negligence or the negligence of his servants." *Pilson* v. *Tip-Top Auto Co.*, 67 Or. 528 (136 Pac. 642).

6. Another assignment of error in the instant case relates to the introduction of evidence in support of defendant's allegation as to the condition existing in defendant's garage in which plaintiff stored his automobile.

"A garage-keeper storing a car of another for compensation is classed as a bailee for hire, and as such he is bound to furnish reasonably safe accommodations and to exercise reasonable care and prudence to keep the machine in a safe manner. If guilty of negligence resulting in injury to the machine, he may be charged with the damage. The liability of a garage-keeper for hire is not affected by reason of the knowledge of the owner as to the place where the property is kept. Its acceptance by the garageman imposes on him the duty of exercising due care for its safety and protection." Huddy on Automobiles (5 ed.), § 202; Berry on Automobiles (2d ed.), § 742; *Stevens* v. *Stewart-Warner Speedometer Corp.*, 223 Mass. 44 (111 N. E. 771).

7. Sullivan, defendant, was a bailee for hire, and as such he was under legal obligations to exercise, with respect to plaintiff's automobile, such ordinary care as a man of ordinary prudence and discretion ought to exercise and would be expected to exercise under all circumstances if the property were his own: Schouler on Bailm. (3 ed.), § 101; *Wilson* v. *Wyckoff*, 133 N. Y. App. Div. 92 (117 N. Y. Supp. 793); *Smith* v. *Economical Garage*, 107 Misc. Rep. 430 (176 N. Y. Supp. 479).

"The garage-keeper is not an insurer of the automobiles left in his charge to be cared for, but he is bound to use reasonable or ordinary diligence in their care and keeping to the end that they be not damaged or destroyed or lost by reason of theft or otherwise." Berry on Automobiles (2 ed.), § 742, and cases cited under note 9.

8. From a case in point, we carve the following:

"Proof that a motor-car when delivered to a garage-keeper was in good order but when called for a few days later it was damaged, the water-jacket having frozen and burst, makes out a *prima facie* case against the bailee, the garage-keeper. * *

"It then became the duty of the garage-keeper to rebut the *prima facie* case, by showing that he used due care as bailee * * ." *Smith* v. *Economical Garage,* 170 Misc. Rep. 430 (176 N. Y. Supp. 479).

A case illustrative of this principle is *Hansen* v. *Oregon-Wash. R. & N. Co.,* 97 Or. 190, 213 (188 Pac. 963, 191 Pac. 655).

9. We are unable to find in the record any substantial evidence, either direct or inferential, which justifies the finding that the plaintiff's car was injured by "an unexpected freeze that came on suddenly after the plaintiff left his auto with the defendant." Nor can the court take judicial notice that the water in the radiator of the car became congealed by reason of a sudden change in climatic conditions. It has been held that variations of climate in particular places at particular times cannot be judicially known: 16 Cyc. 855; *Santa Cruz* v. *Enright,* 95 Cal. 105 (30 Pac. 197); *Haynes* v. *Gibson,* 115 Mich. 131 (73 N. W. 126).

The judgment in this case is reversed and the cause remanded for further proceedings not inconsistent with this opinion.       REVERSED AND REMANDED.