KERN, *Respondent,*
*v.*
HARRIS, *Appellant.*
(No. 157-707, CA 8017)
567 P2d 1069

Darrell E. Bewley, Portland, argued the cause for appellant. With him on the brief were Niedermeyer & Bewley and Richard Klosterman, Portland.

Robert E. Martin, Portland, argued the cause for respondent. With him on the brief was Franklin, Bennett, Ofelt & Jolles, P.C., Portland.

Before Schwab, Chief Judge, and Lee and Richardson, Judges.

RICHARDSON, J.

## RICHARDSON, J.

Defendant appeals the decision of the court, sitting without a jury, that he is liable for loss of property stolen from inside a pickup and camper left in his shop for repair. Defendant makes two assignments of error. First, he asserts there was no bailment created of the personal property inside the camper because neither he nor his employes had knowledge there was personal property inside the camper. Secondly, he argues if there was a bailment of the personal property created by accepting bailment of the camper he exercised that degree of care required of a bailee.

Plaintiff delivered his pickup and camper to defendant for warranty repair work on a stove inside the camper. At the special request of plaintiff, defendant's employe removed a vehicle from the shop in order to put plaintiff's pickup and camper inside for the night. In response to the question:

> "When you brought your camper to Trailers Unlimited did you ask them particularly to keep the camper inside overnight?"

Plaintiff replied:

> "I asked them what they were planning to do with the camper because I had this stuff, all this stuff inside of it and they said they would put it in."

During that night defendant's establishment was broken into and numerous items of property were stolen from the shop and from plaintiff's camper. These items included fishing and camping gear, food and clothing. The burglar gained entrance by prying off a hasp and padlock on the outer door and a hasp and padlock on the inner door leading to the shop area where the camper was located. Defendant had employed a night watchman and a private security patrolman in the past but not at the time of the burglary in this case. The evidence indicated there had in the past been some break-ins of the office area, which was in a separate but adjacent building, and thefts of equip-

[ 725 ]

ment from the sales lot. There, however, had been no prior burglaries in the shop area.

The primary question in this case is the liability of a bailee for hire for loss of property entrusted to him by the bailor. Bailment is in the nature of a contractual relationship, the terms of which can be expressed or may be implied from circumstances surrounding creation of the relationship. There can be no question a bailment of the pickup and camper unit was created when it was delivered to defendant for repairs. Bailment of the camper did not, however, create a bailment of the contents without actual or constructive knowledge the personal property was in the camper. *Fuller v. I. Magnin & Co.,* 104 Cal App 2d 517, 232 P2d 36 (1951); *Service Parking Corp. v. Durr,* 162 A2d 783 (Mun App D.C. 1960); *Stuart v. D. N. Kelley & Sons, Inc.,* 331 Mass 76, 117 NE2d 160 (1954); *Cerreta v. Kinney Corp.,* 50 NJ Super 514, 142 A2d 917 (1958); *Truck Terminal, Inc. v. Nielsen,* 80 Wyo 223, 339 P2d 413 (1959). Whether the bailee has actual or constructive notice is a question of fact.

*Service Parking Corp. v. Durr, supra,* is factually close to the case at bar and succinctly states the principles involved in determining a bailee's liability. Durr left his car at a service parking lot to be parked. There were several items of clothing visible in the rear passenger compartment and a coat draped over the front seat. When the car was returned the clothing was missing. In allowing recovery the court said:

> "* * * 'Courts have uniformly held that the liability of a bailee for hire for the loss of property in an automobile depends on notice or knowledge of the contents. The notice need not be actual or express; constructive or implied notice may be inferred.' * * *" 162 A2d at 784.

The court held there was sufficient evidence from which the trier of fact could infer constructive knowledge because the clothing was in plain view.

From the evidence in this case, a portion of which is

recited above, the court as the trier of fact could have inferred the defendant had actual or constructive knowledge of the existence of the personal property in the camper. The plaintiff testified he asked defendant's employe what he was going to do with the camper because of "the stuff" inside. Defendant and his employe both testified the camper was put inside at the special request of plaintiff. The court could logically infer this would put the defendant on notice the precaution was requested because there were items in the camper he wished to protect. The stove located inside the camper was repaired by an employe prior to the burglary, raising a logical inference the employe was inside the camper and could have seen some of the camping and fishing equipment. These factors are sufficient to raise an issue of fact which was determined adverse to defendant. We review for errors of law, not de novo. *Village Sanitarium v. Sapp,* 30 Or App 621, 567 P2d 614 (1977).

■■ Defendant contends even if there was a bailment of the camper and its contents he exercised the requisite due care for the property. In creating a bailment the parties may by the terms of the contract place the risk of loss as they see fit, but in the absence of an agreement to the contrary, the common law rule applies. Under the common law the risk of loss is borne by the bailor and does not shift to the bailee. However, the bailee is not insulated from the results of his own negligence; consequently, the owner of the property may recover on proof of negligence on the part of the bailee in losing or damaging the entrusted property. *Hines Lumber Co. v. Purvine Logging Co.,* 240 Or 60, 399 P2d 893 (1965).

■ If the property entrusted to the bailee is returned damaged or not returned this raises an inference it was lost or damaged due to the bailee's negligence. The burden of going forward with the evidence is then shifted to the bailee to show he was not negligent in caring for the property. The ultimate burden of proof on the issue of negligence is still on the plaintiff. *Hines*

*Lumber Co. v. Purvine Logging Co., supra; National Fire Ins. Co. v. Mogan et al.,* 186 Or 285, 206 P2d 963 (1949).

■ The court in *National Fire Ins. Co. v. Mogan et al., supra,* discussed in depth the special circumstances regarding burden of proof when the property is lost by fire or theft. The court noted there are two opposing viewpoints. The first holds if the bailee establishes the loss was by fire or theft this satisfies his burden and the owner must then prove the fire or theft was due to the bailee's negligence. The other view states the bailee must show the fire or theft occurred without his fault. The Supreme Court adopted the latter view noting that fires and thefts often occur because of negligence on the part of bailees and the owner of the property would rarely be in a position to know what precautions the bailee had taken to prevent such loss.

The trial court in this case correctly stated the rule in its oral decision. The court found the defendant had failed to sustain his burden of showing the theft occurred without his fault and in addition found the plaintiff had established the defendant was negligent.

The evidence was sufficient to raise a question of fact.

Affirmed.