Argued March 6; affirmed April 1, 1947.

# WILLAMETTE TUG & BARGE CO. *v.* COMMER-CIAL DISPATCHING CORPORATION

(178 P. (2d) 698)

*Lofton L. Tatum,* of Portland (with Wood, Matthiessen & Wood, of Portland, on brief, for appellant.

*Clarence D. Phillips,* of Portland (Griffith, Peck, Phillips & Nelson on brief), for respondent.

Before Rossman, Chief Justice, and Lusk, Belt, Bailey and Winslow, Justices.

BELT, J.

This is an action at law, tried by the court without a jury, to recover damages on account of injury to a barge alleged to have been rented by plaintiff to defendant on March 7, 1945. The plaintiff alleges that at the time this barge—known as K-2—was delivered to defendant, it was in good condition, but when returned, it was leaky and unseaworthy. It is further

alleged that the damage to the barge, while in the "custody, possession and control" of the defendant, was from "causes unknown to the plaintiff". Plaintiff seeks to recover the costs of repairs to the barge amounting to $1131.

The defendant corporation contends that when it rented the barge, it was "acting solely on behalf of its disclosed principal, the War Shipping Administration."

Defendant moved for a directed verdict on the grounds: (1) That the principal was disclosed to plaintiff and therefore the action should have been against the War Shipping Administration and not against the agent; (2) There is no evidence that the damage to the barge was caused by any acts on the part of the defendant; (3) That "where a charter of a barge is involved, the plaintiff is required to show negligence of the bailee and is not entitled to rely on any presumption of negligence."

The motion for a directed verdict was denied and judgment was entered in favor of the plaintiff. The circuit court found that defendant was a bailee for hire and that there was no disclosure of any principal at the time the contract was entered into.

The real question on this appeal is whether there is any substantial evidence to support the finding of the circuit court that defendant was a bailee for hire. More specifically, is there any substantial evidence tending to show that defendant failed to disclose the identity of its principal at the time the contract of renting the barge was made? Did the plaintiff, in dealing with the defendant at such time, know that it was acting solely for the War Shipping Administration?

■ We are not concerned with the weight of the evidence relative to these questions. If the only reason-

able deduction which can be made from the evidence is that defendant was acting for a disclosed principal, then it would follow as a matter of law that there could be no recovery against defendant. However, if different reasonable inference can be drawn from the evidence as to whether the identity of the principal was disclosed to the plaintiff at the time the contract was made, the findings of the circuit court in reference thereto are conclusive, since they have the force and effect of the verdict of a jury.

With these fundamental principles in mind, we will examine the record. The plaintiff corporation was engaged among other things in the business of renting barges and other equipment for the transportation of cargo on the Willamette and Columbia rivers. The purpose of the defendant corporation was to expedite the handling of war material from the factory until it was delivered alongside the vessel destined for over-seas. Prior to the rental of the barge in question, the defendant had on many occasions hired barges from plaintiff for the purpose of transporting export cargo. The plaintiff, through the medium of the dispatching corporation, had, during this war period, also rented barges to various procurement agencies, among which was the Moore-McCormack Lines acting in some instances on behalf of the Soviet government.

There is much evidence concerning the course of dealing between the plaintiff and the defendant, all of which was relevant to the issue of the disclosure of agency. In the instant case, John Horning, Dispatcher of the defendant company, telephoned on March 7, 1945, to Walter Korell, Dispatcher for plaintiff, requesting the plaintiff to send two barges—one of which was the K-2—to Longview, Washington, on the Columbia river. Horning, when ordering the barges,

did not state for whom he was acting, nor did he "indicate in any way whom the barge was to be for * * * or what it was going to handle." The plaintiff immediately delivered the barges from Portland to Longview where the K-2 was loaded with thirty-six flat cars and was then, at the request of the defendant, towed back to Portland by plaintiff in order that the cargo could be placed aboard the Russian ship, Suvorov. There is some evidence tending to show that the barge was improperly loaded at Longview in that the flat cars were so distributed that the weight thereof caused undue strain on the barge, which resulted in leakage. The evidence tends to show that the barge while in the possession and control of defendant was rendered unfit for water transportation. Defendant offered no evidence as to the cause of injury to the barge.

Mr. Korell testified that he never received the information for whom the defendant was acting in the renting of the barge until "after the job was all done." He further testified that he did not know whom to bill for the use of the barge until he received a manifest from the defendant company, which ordinarily was mailed to the plaintiff about ten or fifteen days after the rental of barges. In this particular case, however, the manifest for the K-2 was dated March 12, 1945, and was signed: "Submitted by John C. Horning, Commercial Dispatching Corp., Agts., War Shipping Administration." It is not shown when plaintiff received such manifest. Plaintiff also received a written confirmation, dated March 8, 1945, relative to the telephone conversation concerning delivery of the barge at the Port of Longview, and signed by Horning in the same way as in the above mentioned manifest.

There was introduced in evidence a contract be-

tween the War Shipping Administration and the defendant corporation wherein the defendant was designated and appointed as agent and "Forwarder". It was the duty of the "Forwarder" under such contract to call at designated points or ports in the United States for export cargo for over-seas shipment. We deem it unnecessary to refer to the specific terms of the contract since there is no evidence that the plaintiff had any knowledge of such agreement.

2–4. Concluding that there is some substantial evidence tending to support the findings of the circuit court that defendant failed to disclose to plaintiff at the time of renting the barge that it was acting solely for the War Shipping Administration, and it was therefore the bailee for hire, it follows by reason of such relationship that a presumption of negligence on the part of the bailee was created when it was shown that the barge, when delivered to the bailee, was in good condition and when returned by it, was damaged. *Simms v. Sullivan,* 100 Or. 487, 198 P. 240, 15 A. L. R. 678; *Hansen v. Oregon-Wash. R. & N. Co.,* 97 Or. 190, 188 P. 963; *Burley v. Hurley-Mason Co.,* 111 Wash. 415, 191 P. 630; 6 Am. Jur., Bailments, §§ 369 and 374; 8 C. J. S., Bailments, § 49(c). Since the defendant was a bailee for hire, it was incumbent upon it to exercise reasonable care in the use of the barge. *Dalk v. Lachmund,* 157 Or. 152, 70 P. (2d) 558; *Simms v. Sullivan,* supra; *White Swan Laundry v. Blue,* 223 Ala. 663, 137 So. 898. In the instant case, the defendant introduced no evidence to overcome the presumption that the injury to the barge was caused through its negligence.

It is well settled that an agent who fails to disclose the identity of his principal at the time of entering into a contract with a third person may be held personally liable therein. *Porter Const. Co. v. Berry et al,*

136 Or. 80, 298 P. 179; *Cobb v. Knapp,* 71 N. Y. 348, 27 Am. Rep. 51; 2 Am. Jur., Agency, § 404. Even though the plaintiff in this case might have known that the defendant was acting in a representative capacity, it was not plaintiff's duty to seek out the identity of the principal. The duty to disclose the identity of the principal was on the defendant. A subsequent discovery by the plaintiff as to the identity of the principal would not relieve the defendant of liability. 3 C. J. S., Agency, § 216(b).

■ The difficulty here lies not in the statement of the law, but in its application to the factual situation under consideration. We agree that there need be no direct proof of disclosure of agency, but, as said in *Held v. Puget Sound, Etc. Co.,* 135 Or. 283, 295 P. 969, it may be shown by the circumstances and the course of dealing. Since the defendant occasionally acted as agent for principals other than the War Shipping Administration, and, in view of the positive testimony that there was no disclosure of the principal at the time of the rental of the barge, we think the issue of agency was one of fact and not of law.

■ Defendant in its brief on appeal challenges for the first time the sufficiency of the Complaint. It is contended that the Complaint fails to state facts sufficient to constitute a cause of action in that there is no allegation of negligence on the part of the defendant. A bailor has a choice of remedies for injury to property. Bailor may maintain an action of assumpsit for breach of the contract—as was done in the instant case —or an action based on tort. *White Swan Laundry v. Blue,* supra; *Smith v. Noe,* 159 Tenn. 498, 19 S. W. (2d) 245; *Sumsion v. Streator-Smith, Inc.,* 103 Utah 44, 132 P. (2d) 680. Plaintiff brought this action for breach of contract—and not for tort—and it was not necessary

for it to plead negligence. 6 Am. Jur., Bailments, § 367. Defendant further asserts that no presumption of negligence arose herein because of failure of the plaintiff to allege and prove that the barge was injured while in the exclusive custody of defendant. Giving to the Complaint the benefit of every reasonable intendment—which we must do in the absence of demurrer and after judgment—we think it is sufficient. If the barge was in the "custody, possession and control" of the defendant, as alleged in the Complaint, a reasonable deduction from such pleading may be drawn that it was not in the possession of any other person, or, in other words, that the barge was in the exclusive possession of the defendant.

The undisputed evidence shows that the barge was injured by the improper loading of the flat cars at the Port of Longview. Plaintiff had nothing to do with the loading operations. The barge at the time of damage was in the exclusive possession and control of the defendant.

The judgment is affirmed.