Argued February 5, affirmed March 10, 1965

# EDWARD HINES LUMBER CO. *v.* PURVINE LOGGING CO.

399 P. 2d 893

*David J. Krieger,* Portland, argued the cause for appellant. With him on the briefs were Black, Kendall, Tremaine, Boothe & Higgins, Portland.

*Harry A. Harris,* Oregon City, argued the cause for respondent. With him on the brief was Clifford S. Beckett, Oregon City.

Before McAllister, Chief Justice, and Sloan, Goodwin, Holman and Lusk, Justices.

GOODWIN, J.

This case requires us to decide who, between bailor and bailee, bears the loss when a fire of unknown origin destroys bailed property.

The facts are not in dispute. Hines was the owner of a donkey engine. Purvine was a logger engaged in the performance of a logging contract for Hines. Hines delivered the machine to Purvine, for Purvine's use, but for the mutual benefit of the parties. The

parties were dealing under a written agreement which contained the following paragraph:

"Contractor agrees that Edward Hines Lumber Co. equipment shall be kept in good operating condition, maintained by contractor at his sole cost and expense, and shall be redelivered to Edward Hines Lumber Co. at Dee, Oregon in as good condition as of this date, reasonable wear and tear excepted, upon the termination of this agreement."

During the period of the bailment, the machine was destroyed by fire. There was no evidence that the fire was caused by the negligence of Purvine. Upon these facts, the trial court held that, unless specifically agreed to the contrary, the risk of loss was borne by the bailor and did not shift to the bailee. It followed that the owner of the machine could not recover without proof of negligence on the part of the bailee. The trial court followed the common-law rule. Cases are collected in Brown, Personal Property 319, § 81 (2d ed 1955).

Hines urges that Oregon does not follow the common-law rule, and that under a "fair-wear-and-tear-excepted" contract for the return of the goods, the risk of fire loss is borne by the bailee. The authority for this proposition is said to be found in *Pacific Bridge Co. v. Riverside Rock Co.,* 70 Or 337, 141 P 751 (1914). Despite the annotation in 150 ALR 269, 293 (1943), which purports to show Oregon following the so-called minority rule, the *Pacific Bridge* case does not support the plaintiff's proposition. The *Pacific Bridge* decision specifically declined to rule upon the liability of a bailee who is unable to return the property because of a casualty occurring without the fault of the bailee.

The trial court in the case at bar correctly

applied the common-law rule. A contract to return in good condition, reasonable wear-and-tear excepted, does not make the bailee an insurer of the goods. The parties may by contract place the risk of loss as they see fit, but in the absence of an agreement to the contrary, the common-law rule applies. An agreement to return in good order, fair wear and tear excepted, is not an agreement to shift the risk of loss.

The plaintiff argues further that, even if the bailee is not to be held liable without fault, a doctrine akin to that of *res ipsa loquitur* supplies the necessary inference of negligence and shifts to the bailee the duty of explaining the fire in a manner consistent with the exercise of due care on the part of the bailee. This question was probed in detail in *National Fire Ins. Co. v. Mogan et al,* 186 Or 285, 291-293, 206 P2d 963 (1949). We held that, after it had been shown that the goods had not been returned, the burden of going forward with the evidence shifted to the bailee. We also observed, in passing, that if the bailee could explain why the goods were not returned, as by showing that a fire occurred without fault on the bailee's part, such a showing would absolve the bailee from liability. We adhere to the views expressed in *National Fire Ins. Co. v. Mogan et al.*

In the case at bar, the trial court correctly concluded that the bailee had gone forward with a sufficient explanation of the fire to show that it had occurred under circumstances which were fully consistent with the exercise of due care by the bailee. The fire started on a weekend when woods operations were shut down. The logging site was near a public highway, and the area was accessible to fishermen, picnickers, and the like. The trial court believed that the fire was of an unknown, and unknowable, cause

and that under the circumstances any inference of negligence that might arise initially under *National Fire Ins. Co. v. Mogan et al* was overcome by the bailee's evidence that due care had been exercised. The ultimate burden of proof of negligence remained on the plaintiff, and the trial court found that negligence had not been proven.

Affirmed.