Argued September 5, reversed and remanded October 24, 1974

PORTER, *Appellant, v.* HEADINGS, *Respondent.*

527 P2d 403

*Chester Scott,* Independence, argued the cause and filed the briefs for the appellant.

*Bruce W. Williams,* Salem, argued the cause and filed a brief for respondent.

Before O'CONNELL, Chief Justice, and McALLISTER, HOLMAN, TONGUE, HOWELL, BRYSON and SLOPER, Justices.

TONGUE, J.

This is an action for personal injuries from an automobile accident near Corvallis. The jury returned a verdict in favor of plaintiff in the sum of $1,500. Plaintiff appeals from the resulting judgment.

Plaintiff was over seven months' pregnant at the time of the accident, in which she suffered lacerations of her face and knees, as well as contusions and bruises over her ribs and on her chest. She testified that her immediate concern after the accident was for the safety of the baby. She was taken to the hospital, where a nurse in the emergency room listened with a stethoscope for the baby's heartbeat.

The first error complained of involves the exclusion by the trial court of plaintiff's testimony that as the nurse listened for the baby's heartbeat she said to plaintiff that she "couldn't hear it."

Defendant concedes that this was error, but contends that it was not prejudicial because plaintiff's "state of mind" before and after the birth of the child was established by other evidence, including her testi-

mony as to her anxiety for the baby, was corroborated by the testimony of other witnesses. Plaintiff's doctor arrived at the hospital within approximately one-half hour of plaintiff's arrival. He testified that he checked the fetal heart tones and assured plaintiff that the baby was "O.K." The baby was later born as a healthy child.

■ We cannot say, however, that the exclusion of this testimony was not prejudicial. The statement of the nurse was not hearsay. It was not offered to prove the truth of the statement, but was offered as evidence on the issue of plaintiff's mental anguish for the safety of the baby, which was alleged in her complaint and which is claimed by plaintiff to have been the cause of her later fear of driving a car.

■ For those purposes the statement by the nurse that she could not hear a heartbeat from the baby was relevant and admissible, regardless of whether that statement was true. The jury could have found that this statement by the nurse caused plaintiff not only to be concerned about the safety of the baby, but to believe that the baby was dead, resulting in extreme mental anguish during the period until plaintiff's doctor assured her that the baby was "O.K." If the jury so found, it could also have found that this mental anguish was the cause of plaintiff's alleged subsequent fear of driving, if it believed that further testimony by the plaintiff.

Plaintiff also assigns as error the failure of the court to instruct the jury that the items of *general* damages which it was to consider included:

"Such sum as will reasonably compensate the plaintiff for any impairment of earning capacity resulting from the injury which it is reasonably prob-

able the plaintiff has suffered in the past *and will suffer in the future.*" (Emphasis added)

This requested instruction was taken from Uniform Jury Instruction No. 30.02.

The court gave no such instruction as a part of its instruction on general damages, but instructed that as an item of *special* damages the jury could consider

"The amount of earnings, if any, lost by the plaintiff *since the date of her injury.*" (Emphasis added)

Defendant contends that this instruction was proper and sufficient and that it was not error to refuse to give plaintiff's requested instruction because plaintiff pleaded lost wages as an element of *special* damages, with the result that plaintiff may not now complain that her loss of earnings since the injury should have been considered in the *general* damages alleged by her. As to loss of future earning capacity, defendant contends that the "value" of plaintiff's future earning capacity was "unclear" and speculative, as well as the "extent of impairment of plaintiff's earning capacity" and the "duration" of any such impairment.

Plaintiff's complaint alleged that plaintiff's injuries included:

"6. Loss of earning capacity incident to plaintiff's inability to perform work in her usual vocation, from time of the accident to the present, and expectant future inability to work, resulting from the plaintiff's inability to drive.

"All of which were directly and proximately caused by the defendant's negligence and as a result of which the plaintiff has suffered general damage in the sum of $40,000.00."

The special damages alleged included loss of wages in the sum of $211.60.

■ In *Conachan v. Williams,* 266 Or 45, 511 P2d 392 (1973), we said (at 54) that:

"* * * If a plaintiff was employed at a fixed wage and claims to have suffered lost wages he may still plead the amount of the claimed wage loss, as under present practice. * * * On the other hand, if plaintiff chooses not to do so, or if he was not employed at a fixed wage, he may plead in general terms that as a result of the injury his earning capacity has been impaired * * * in unstated amounts, and any such recovery would then necessarily be included in the damages claimed by him. *. * *"

■■ We also said (at 57-58) that:

"* * * [I]f the plaintiff was employed at a fixed wage at the time of his injury and if the amount of his lost wages is pleaded as special damages, the jury should be instructed, as under the present practice, that he is entitled to recover as special damages the amount of his lost wages. If, however, such a plaintiff does not plead the amount of his lost wages or if plaintiff was not employed at a fixed wage at that time, but on some basis not susceptible to exact computation, * * * or if he was not working at the time of his injury, and if impairment of earning capacity is pleaded in general terms (as previously discussed), an instruction should be given that he is entitled to recover for any impairment of his earning capacity as a result of the injury, for the period both before trial and also after trial, if such impairment is a continuing one, and that any such recovery is to be included in any damages awarded by the jury. * * *"

■ In this case, plaintiff pleaded impairment of future earning capacity as a part of her allegations of *general* damages, but also pleaded her loss of past wages as an item of *special* damages. It follows that her requested instruction—to the effect that impair-

ment of both past and future earning capacity was to be considered by the jury as an element of *general* damages—was improper and that it was not error to refuse to give that instruction.

■ It may be that the instruction given by the court on the subject of general damages was also improper in that it failed to instruct the jury that it could consider, as an item of general damages, plaintiff's claim of impairment of future earning capacity, provided that sufficient evidence was offered in support of that claim. No exception was taken to that instruction, however, and we have held that the request of another instruction on the same subject is not a substitute for the failure to take such an exception. *Smith v. Wetherell*, 269 Or 91, 523 P2d 1272 (1974), and *Holland v. Srs. of St. Joseph, Seeley*, 270 Or 129, 526 P2d 577 (1974) (on rehearing).

■ Because this case must be retried as the result of other error, however, we believe that we should also state that, in our opinion, there was sufficient evidence which, if believed by the jury, would entitle plaintiff to have the jury instructed that it could consider plaintiff's claim of impairment of future earning capacity in determining the amount of any general damages to be awarded to her.

Plaintiff testified that as a result of the accident and because of the mental anguish and anxiety over her baby she was still unable at the time of trial to again drive a car; that her inability to drive a car would impair her future earning capacity for at least some substantial period of time in the future because in her occupation as a consultant in educational psychology it was necessary that she drive a car in order

to visit the schools which might engage her as a consultant, and that she had an earning capacity in that occupation of from $50 to $100 per day.

While this court may be skeptical of the credibility of such testimony, in view of facts developed on cross-examination, it was for the jury to decide whether or not to believe such testimony. Because the jury might properly have believed that testimony, plaintiff was entitled to an instruction on impairment of future earning capacity.

We have also considered plaintiff's assignments of error relating to other requested instructions. The subjects of those requested instructions were adequately covered by instructions given by the trial court, although not as completely as might have been desirable.

Reversed and remanded.