# LIBERTY MUTUAL FIRE INSURANCE COMPANY,
## *Appellant,*
### *v.*
# HUBBARD et al, *Respondents.*

551 P2d 1288

*Randall E. Thwing,* of Thwing, Atherly & Butler, Eugene, argued the cause and filed briefs for appellant.

*Todd Brown,* Corvallis, argued the cause for respondents. With him on the brief were Michael F. McClain and McClain, Brown, Evashevski & Marek, Corvallis.

Before Denecke, Chief Justice, and McAllister, Holman, Tongue, Howell, and Bryson, Justices.

BRYSON, J.

**BRYSON, J.**

The plaintiff, subrogated to the rights of its insured, Farm Machinery, Inc., brought this action to recover $14,000 which it paid for the insured's combine equipment destroyed by fire. Plaintiff's complaint alleged two grounds for recovery in separate counts: (1) common law bailment; (2) a written contract for rental of the combine. The trial court granted defendants' motion for involuntary nonsuit as to the second count and submitted the case to the jury on the first count. Judgment was entered in favor of defendants on the jury's verdict, and plaintiff appeals.

Plaintiff first contends that the "trial court erred in sustaining the defendants' motion for involuntary nonsuit" as to the second count.

Defendants had rented farm equipment from Farm Machinery, Inc., for a number of years. In August 1973 defendants rented the combine pursuant to an oral agreement which covered only the rate of rental and maintenance of the equipment when in defendants' possession. Defendants had possession and use of the combine for 19 days. It was cleaned, oiled, and fueled daily. During operation, on August 21, 1973, the combine was destroyed by fire. An oily, burning substance was seen dripping to the ground from the equipment when the fire was discovered.

After the fire the parties signed a rental contract which included new terms, placing the responsibility for any loss or damage to the equipment on defendants-lessees. The oral agreement did not contain such a provision.

Plaintiff relies upon *O. R. & N. Co. v. Swinburne,* 22 Or 574, 30 P 322 (1892), and *Beach v. Brightwood Co.,* 132 Or 345, 285 P 259 (1930), for the proposition that such an agreement "will relate back and take effect in accordance with its terms and the intentions of the parties" and that the parties can "agree that the contract shall take effect as of a date earlier than that on

which it is executed." We do not disagree with this statement of the law, but neither of the cases relied on involve bailment situations. They are distinguishable on the facts.

■■ It is well established that a modification of a contract, such as here contended, must be supported by new consideration. *Cameron v. Edgemont Investment Co.*, 149 Or 396, 402, 41 P2d 249 (1935); *Marnon v. Vaughan Motor Co., Inc.*, 184 Or 103, 157, 194 P2d 992 (1948); *Carothers v. Carothers*, 260 Or 99, 105, 488 P2d 1185 (1971). There was no additional consideration for the later written contract. Therefore, the trial court did not err in granting the nonsuit as to plaintiff's second count.

The plaintiff also contends the "trial court erred in denying the plaintiff's motion for directed verdict." In *Hansen v. Oregon-Wash. R. & N. Co.*, 97 Or 190, 225, 191 P 655 (1920), this court stated:

> "* * * Proof of delivery in good condition and return in bad condition are the two facts which support the disputable presumption of negligence; and these two facts, plus the disputable presumption, make a *prima facie* case, and suffice for the proof of the ultimate fact of negligence, 'until contradicted and overcome by other evidence': Section 695, L. O. L."

*See also National Fire Ins. Co. v. Mogan et al,* 186 Or 285, 294, 206 P2d 963 (1949). Again, in *Hines Lumber Co. v. Purvine Logging Co.*, 240 Or 60, 63, 399 P2d 893 (1965), we stated:

> "* * * [In National Fire Ins. Co. v. Mogan et al] [w]e held that, after it had been shown that the goods had not been returned, the burden of going forward with the evidence shifted to the bailee. We also observed, in passing, that if the bailee could explain why the goods were not returned, as by showing that a fire occurred without fault on the bailee's part, such a showing would absolve the bailee from liability. * * *."

*Accord* McCormick on Evidence 808-09, § 343 (2d ed 1972).

■ Although the burden of going forward and producing evidence shifts to the defendants, the burden of proof on the issues framed in the complaint remains with the plaintiff.

■ In the case at bar the evidence shows that defendants gave the combine regular maintenance each day and the machine was operated with due care and in a prudent manner. There is no evidence to the contrary. Also, there is evidence that the fire most likely started from a malfunction of the equipment and prudent steps were taken to extinguish the fire. Therefore, the defendants carried their burden of going forward and rebutting the plaintiff's prima facie case. The court did not err in denying plaintiff's motion for a directed verdict and properly submitted the case to the jury.

■ Plaintiff also argues that "the court erred when it ruled on plaintiff's motion for directed verdict and that error deprived the plaintiff of arguing to the jury that a presumption of negligence was a viable issue in this case." No objection on this ground was made to the trial court and for this reason plaintiff's brief could not and does not make any assignment of error on this issue.

Affirmed.