# ROBBINS, *Respondent,*

### *v.*

# CONSOLIDATED FREIGHTWAYS, *Appellant.*

554 P2d 149

*Jeffrey M. Batchelor,* Portland, argued the cause for appellant. With him on the briefs were John Gordon Gearin, and Gearin, Cheney, Landis, Aebi & Kelley, Portland.

*Mark McCulloch,* of Powers & McCulloch, Portland, argued the cause and filed a brief for respondent.

PER CURIAM.

## PER CURIAM.

Defendant appeals from a judgment for plaintiff in a personal injury action. The only issue presented on appeal is whether the judgment should be reversed because of the failure of the trial court to give defendant's requested instruction that oral admissions of a party should be viewed with caution. *See* ORS 17.250(4); Oregon Uniform Jury Instruction 4.01.

Plaintiff was driving an automobile west on Interstate 80N near Troutdale. Defendant's truck was also traveling westward. The truck consisted of a tractor and two 27-foot trailers connected by a "dolly." Defendant and plaintiff were traveling about 55 miles per hour. When plaintiff was about two car lengths behind the truck, he pulled into the left, or passing, lane. He saw the truck turn on its left turn signal as he reached the dolly point on the truck. Plaintiff put on his brakes and sounded his horn, but the truck turned into plaintiff's lane, bouncing plaintiff's car between the guardrail and the truck several times. The truck driver testified that he looked but did not see plaintiff and did not know plaintiff was there until he felt a bump as the truck and car collided.

Plaintiff testified that after the accident he talked to the truck driver, who stated that he did not see plaintiff and that "he had quite a few things on his mind at the time." According to plaintiff's testimony, the truck driver also stated that he had had a death in his family and that his son had run away from home. At the trial the truck driver testified that he did not "recall" making such statements, but he also testified as follows:

"Q  Did you mention to [plaintiff] that you had a recent tragedy in your family and you were thinking about that?

"A  I did, after we talked in the car with the Deputy."

He also admitted that his son had run away about that time but he could not recall whether it was on his mind when the accident occurred.

Defendant requested the standard uniform jury instruction that oral admissions are to be viewed with caution.[1] The court, in a colloquy with counsel before argument, indicated that he would give such an instruction, but he failed to do so. It is obvious from the record that this failure was strictly an oversight.

■ The defendant did not except to the failure of the court to give the requested instruction, but, under our statute, it was not necessary to do so. ORS 17.510. However, after the jury was instructed, the following exchange took place:

"THE COURT: Any exceptions by the plaintiff?

"MR. McCULLOCH: No.

"MR. GEARIN: *I have been thinking for 15 minutes, Judge. Usually, I am rather voluble in my exceptions. I can't think of anything. Other than that they're all right.*" (Emphasis added.)

Thus, it would appear that defendant's counsel, as well as the trial court, overlooked the fact that the instruction was not given.

■ The instruction was clearly proper and it should have been given under the circumstances of this case. The only remaining issue is whether this error requires a reversal of the judgment.

■ Article VII, § 3, of our constitution states, in pertinent part:

"* * * If the supreme court shall be of opinion, after

---

[1]The jury instruction in effect at the time read:

"4.01. Testimony regarding the oral admissions or statements of a party unfavorable to his interest are to be viewed with caution, for the party himself may have been misinformed, or may not have clearly expressed the meaning, or the witness may have misunderstood him, or it may be that the witness who testifies to the admission, by intentionally or inadvertently altering a few of the expressions really used, gives an effect to the statement completely at variance with what the party actually did say. On the other hand, if you can say from the evidence that the alleged admissions were clearly and understandingly made by the party, that they are precisely identified, and that the language is correctly remembered and accurately reported by the witness, you are authorized to consider such admissions for what you deem them to be worth against the party making them, but in reaching such a result you must, for the reasons given, proceed with caution."

consideration of all the matters thus submitted, that the judgment of the court appealed from was such as should have been rendered in the case, such judgment shall be affirmed, notwithstanding any error committed during the trial * * *."

If an examination of the entire record establishes that the judgment was such as should have been rendered, we are required by this constitutional provision to disregard the error and affirm the judgment. *See generally* Justice Lusk, *Forty-Five Years of Article VII, Section 3, Constitution of Oregon,* 35 Or L Rev 1 (1955).

■ An examination of the transcript clearly indicates that the primary issues at trial focused upon the amount of the damages and not upon liability. The defendant's truck driver should have seen the plaintiff who was almost halfway past the tractor and two trailers when the driver turned into him. It is obvious from the record that the truck driver moved from the right lane to the passing lane without first ascertaining that such movement could be made in safety. *See* ORS 487.220(1)(a) (formerly ORS 483.304(2)).

Considering the entire record in this case, we conclude that the verdict and the judgment entered thereon "was such as should have been rendered in the case," and, therefore, the judgment is affirmed under Article VII, § 3, of our constitution.

Affirmed.