Argued and submitted July 25, reversed and remanded
November 5, reconsideration denied December 13, 1979,
petition for review allowed January 3, 1980

ROBERTS,
*Respondent-Cross-Appellant,*
*v.*
MITCHELL BROS. TRUCK LINES,
*Appellant-Cross-Respondent.*

(No. A7704 05325, CA 10789)

602 P2d 343

Edward H. Warren, Portland, argued the cause for appellant-cross-respondent. With him on the brief was Acker, Underwood, Beers, Smith & Warren, Portland.

Alfred A. Hampson, Portland, argued the cause for respondent-cross-appellant. With him on the brief were Richard V. Bayless, Douglas B. Gordon and Hampson & Bayless, Portland.

Before Schwab, Chief Judge, and Lee, Gillette and Campbell, Judges.

CAMPBELL, J.

## CAMPBELL, J.

This is a law action for damages for the alleged breach of a bailment contract. The defendant has appealed from the judgment entered on the jury's verdict for the plaintiff in the sum of $65,000. We reverse and remand.[1]

The plaintiff was an experienced dealer in used sawmill equipment. In 1972 he purchased a large volume of that type of equipment in the western states for reshipment to the Philippine Islands. The defendant has a yard in connection with its office and shops on Columbia Boulevard in Portland. The yard is approximately 20 acres in size and is enclosed by a six-foot-high cyclone wire fence.

The plaintiff's amended complaint was for breach of contract. It alleged and the defendant's answer admitted the bailment of the plaintiff's sawmill equipment and its storage in defendant's yard in 1972. The plaintiff further alleged that on or about October 1, 1975, when the plaintiff requested the redelivery of the equipment, the defendant failed and refused to redeliver equipment worth the reasonable value of $6,777. The defendant's answer alleged that on or about October 1, 1975, the plaintiff removed the equipment stored at the inception of the rental agreement except for property earlier removed at the direction of the plaintiff. The answer denied the balance of the complaint. None of the pleadings contained any reference to negligence.

---

[1] The plaintiff has cross-appealed assigning as error the trial court's granting of defendant's motion at the conclusion of the testimony to strike from plaintiff's complaint the claim for prejudgment interest from October 1975. We do not reach the cross-appeal. We cannot say that on retrial the plaintiff's evidence will satisfy the standards set down for prejudgment interest in *Public Market Co. v. Portland,* 171 Or 522, 130 P2d 624, 138 P2d 916 (1943). *See Krieg v. Union Pacific Land Res. Corp.,* 269 Or 221, 525 P2d 531 (1974); *Corder v. A & J Lumber Co., Inc.,* 223 Or 443, 354 P2d 807 (1960); *Barker v. Shuck,* 38 Or App 233, 589 P2d 1180 (1979); Annotation, 36 ALR 2d 337, 364 (1954).

The defendant contends that the sole question on appeal is whether the trial court erred in failing to give the following requested instructions:[2]

*Defendant's Requested Instruction No. 5*

"A party who stores goods for the benefit of another or for their mutual benefit is a bailee. A bailee is not an insurer of the goods stored and is only liable if you believe, from the evidence and these instructions, that the bailee's failure to return the goods was a result of the bailee's negligence or lack of ordinary care."

*Defendant's Requested Instruction No. 4*

"In this case, the plaintiff must prove by a preponderance of the evidence that he delivered the goods to defendant and that defendant on plaintiff's demand failed to return them to him in the same condition except for any normal depreciation caused by normal weathering under the circumstances of their storage.

"In this regard, plaintiff must convince you by a preponderance of the evidence that each item or portion of an item for which damages are claimed was delivered to the defendant's custody and not returned on demand.

"If you believe the goods were delivered to defendant but not returned, it becomes the defendant's duty to come forward with evidence that its failure to return the goods was not due to negligence on defendant's part. If the defendant does not do so, then you may, but you are not required to find that defendant was negligent."

The plaintiff counters by saying that the questions on appeal are: (1) whether the defendant bailee was entitled to have the jury instructed on negligence when its pleading alleged that all of the property was returned; and (2) whether the defendant waived its right to assign as error the refusal of the requested instructions when it failed to take an exception to mutually exclusive instructions given by the court.

We first consider the plaintiff's second question.

---

[2] The trial court also refused to give the plaintiff's requested instructions on the question of negligence.

he instructions given by the trial court and referred by the plaintiff as "mutually exclusive" were as llows:

"The burden of proof is upon the plaintiff to establish by a preponderance of the evidence that he delivered the equipment, which is admitted, but delivered the equipment which he alleges was not returned to him. And if you find that the equipment that he alleges in his complaint, or a part of it were not returned to him, then by what is called a preponderance of the evidence you will have to determine what was the value of that equipment to him as to the question of damages."

\* \* \* \* \*

"Now, if you find that the plaintiff is entitled to recover, that is, that the defendant failed to return all of the equipment that he contends to the plaintiff, then you will consider the question of damages."

The defendant did not except to the giving of either the above instructions.

ORS 17.510 provides that no instruction given shall subject to review unless an exception was made in e trial court. *Harley-Davidson v. Markley,* 279 Or 1, 568 P2d 1359 (1977). It is not necessary to take an ception to court's failure to give a requested instruc- n. *Robbins v. Con. Freightways,* 276 Or 127, 554 P2d 9 (1976). However, a party who has not excepted to e instruction given may preserve his claim of error if requests an instruction which "clearly and directly" ls the trial court's attention to the alleged error. lland v. Srs. of St. Joseph, Seeley, 270 Or 129, 522 d 208, 526 P2d 577 (1974); *Crow v. Junior Boot- ps,* 241 Or 135, 404 P2d 789 (1965); *Becker v. verton School Dist.,* 25 Or App 879, 551 P2d 498 76).

We find that the defendant's requested instructions negligence clearly and directly called the trial rt's attention to the fact that the instructions given e inconsistent with the defendant's theory of the e. The requested instructions gave the trial court

[165]

the opportunity to correct the alleged error if it so desired. The defendant preserved its claim of error.

A bailee is not an insurer. In an action for the breach of a bailment contract for the failure to return the bailed goods, the bailor is required to prove that the bailee was negligent. It is is not necessary to plead negligence. In *National Fire Ins. Co. v. Mogan,* 186 Or 285, 290, 206 P2d 963 (1949), the court said:

> "The bailors had a choice of remedies. They might either have maintained an action of assumpsit for breach of the contract or sued in tort charging negligence. When the action is for breach of the contract it is sufficient to allege the bailment and failure of the bailee to return the property. And upon proof of these facts a presumption of negligence on the part of the bailee arises."

Proof that the property was delivered to the bailee and not returned supports an inference[3] that it was lost due to the bailee's negligence. The burden of going forward with the evidence then shifts to the bailee to show that he was not negligent. The ultimate burden of proof on the issue of negligence remains on the bailor. *Liberty Mutual Fire Ins. v. Hubbard,* 275 Or 567, 551 P2d 1288 (1976); *Hines Lumber Co. v. Purvine Logging Co.,* 240 Or 60, 399 P2d 893 (1965); *National Fire Ins. Co. v. Mogan et al, supra; Willam. T. & B. Co. v. Com. Dis. Corp.,* 180 Or 657, 178 P2d 698 (1947); *Hanson v. Oregon-Wash. R. & N. Co.,* 97 Or 190, 188 P 963, 191 P 655 (1920); *Kern v. Harris,* 30 Or App 723, 567 P2d 1069 (1977).

In this case the plaintiff was not required to plead negligence. The defendant was not required to allege in its answer that it was not negligent. When the plaintiff offered proof that the sawmill equipment had been delivered to the defendant and not returned, an inference was created that the defendant was negligent. The defendant then had the burden of going

---

[3] The Oregon cases on this subject use the terms "inference," "disputable presumption," and "prima facie case" interchangeably.

rward to show that it was not negligent, but the
erall burden of proof remained with the plaintiff.
egligence was in the case. The defendant's requested
structions correctly stated the law. The defendant
as entitled to have the instructions given to the jury.

Reversed and remanded.