Argued and submitted March 3, affirmed May 20, 1980

ROBERTS,
*Petitioner,*

*v.*

MITCHELL BROS. TRUCK LINES,
*Respondent.*

(NO. A7704 05325,
CA 10789, SC 26658)

611 P2d 297

Alfred A. Hampson, Portland, argued the cause for petitioner. With him on the briefs were Douglas B. Gordon and Hampson & Bayless, Portland.

Edward H. Warren, Portland, argued the cause for respondent. With him on the briefs was Acker, Underwood, Beers, Smith & Warren, Portland.

Before Denecke, Chief Justice, and Tongue, Howell, Lent, Peterson and Tanzer, Justices.

TONGUE, J.

## TONGUE, J.

This case is an action at law for damages for breach of a bailment contract by failure of defendant-bailee to return a portion of the bailed property to plaintiff-bailor. The jury returned a verdict for plaintiff in the amount of $65,000. Defendant appealed to the Court of Appeals by two assignments of error which related solely to the failure of the trial court to instruct the jury that a finding of negligence on the part of defendant was a necessary prerequisite to defendant's liability for the property lost.

The Court of Appeals held that the instructions requested by defendant were proper and that the trial court erred when it instructed the jury that it should find for plaintiff if it determined that some of the bailed property had not been returned to plaintiff by defendant. 43 Or App 161, 602 P2d 343 (1979). The Court of Appeals further held that although defendant had not taken exception to the instructions given by the trial court, defendant nevertheless had preserved the error for consideration on appeal by requesting instructions on negligence that "clearly and directly called the trial court's attention to the fact that the instructions given were inconsistent with the defendant's theory of the case." (43 Or App at 165)

In his petition for review to this court plaintiff contends that "the trial court did not err in refusing to give defendant's requested instructions," and that "defendant failed to preserve at trial the error asserted on appeal."[1]

Plaintiff was a dealer in used sawmill equipment, with considerable experience in the purchase of used equipment for export to foreign countries. Defendant was a trucking company which also maintained a warehouse and an outside storage yard, pro-

---

[1] Plaintiff also cross-appealed, assigning as error the trial court's grant of defendant's motion to strike from plaintiff's complaint the claim for prejudgment interest. The Court of Appeals did not decide this question and plaintiff does not raise it in his petition to this court.

tected by a chain link fence. In 1972 plaintiff purchased several items of used sawmill equipment for resale in the Philippine Islands. Because he could not immediately arrange for export of the equipment, plaintiff contracted with defendant to store the equipment in a portion of defendant's outside storage yard.

Plaintiff, in his amended complaint, alleged that:

"On or about October 1, 1975, plaintiff requested from defendant delivery of the equipment and supplies stored with defendant * * *."

"* * * * *

"Defendant failed and refused to deliver to plaintiff certain of said equipment and supplies upon demand of plaintiff. The equipment and supplies which defendant failed to deliver * * * had a reasonable market value of $96,777.00."

Defendant's answer admitted the existence of the bailment, but alleged that on or about October 1, 1975, plaintiff

"removed from defendant's premises the materials and equipment stored thereon at the inception of the rental agreement with the exception that some of the materials and equipment had been earlier removed from the premises by or at the direction of plaintiff."

Defendant denied all other allegations of plaintiff's complaint.

At trial plaintiff testified that upon returning to defendant's storage yard in October 1975 to obtain a portion of the equipment, he found that "it was disarranged completely as compared to what it had been in '74 when I last saw it," and that he "immediately recognized that there were eight or 10 things that were missing," including some motors, a cylinder and an air compressor. Plaintiff further testified that "several of the crates had obviously been opened up and some of them were completely empty and there was merchandise scattered around that had been taken from the crates."

Defendant offered the testimony that under normal conditions "we have a guard on our gate. We have one main gate which is open, which is the only gate we use basically. We have a guard on that gate all hours except normal working hours we do not keep a guard." That witness further testified that a "strike occurred between November 15, 1973 to about the middle of May 1974," and that during that time "we generally had two guards on 24 hours a day." Defendant also called plaintiff as an adverse witness and plaintiff agreed that "it would take, say, four men working strenuously with a lift truck or crane about a half a day to move that amount" (15 to 20 percent of the total weight was claimed to be missing).

The instructions given the jury by the trial court stated in part:

"Basically there is an admission to everything, folks. The burden of proof is upon the plaintiff to establish by a preponderance of the evidence that he ·delivered the equipment, which is admitted, but delivered the equipment which he alleges was not returned to him. And if you find that the equipment that he alleges in his complaint, or a part of it were not returned to him, then by what is called a preponderance of the evidence you will have to determine what was the value of that equipment to him as to the question of damages.

"* * * * *

"Now, if you find that the plaintiff is entitled to recover, that is, that the defendant failed to return all of the equipment that he contends to the plaintiff, then you will consider the question of damages."

Defendant did not take exception to those instructions. It had, however, previously submitted to the court the following requested instructions:

"IV. In this case, the plaintiff must prove by a preponderance of the evidence that he delivered goods to defendant and that defendant on plaintiff's demand failed to return them to him in the same condition except for any normal depreciation caused by normal weathering under the circumstances of their storage.

"In this regard plaintiff must convince you by a preponderance of the evidence that each item or portion of an item for which damages are claimed was delivered to the defendant's custody and not returned on demand.

"If you believe that goods were delivered to defendant but not returned it becomes the defendant's duty to come forward with evidence that its failure to return the goods was not due to negligence on defendant's part. If defendant does not do so then you may, but you are not required to, find that the defendant was negligent."

"V. A party who stores goods for the benefit of another or for their mutual benefit is a bailee. A bailee is not an insurer of the goods stored and is only liable if you believe from the evidence and these instructions that the bailee's failure to return the goods was a result of the bailee's negligence or lack of ordinary care."

## 1. *Plaintiff's burden of proof.*

Plaintiff contends that the trial court did not err in refusing to give defendant's requested instructions because negligence was not an issue before the court. Rather, according to plaintiff, "the only issue before the trial court was whether plaintiff did or did not get back all of his property." Plaintiff also contends that defendant was not entitled to have the court give the instructions requested because: (1) "All of defendant's evidence went to the issue that plaintiff had gotten back all of his property" and that for the first time on appeal defendant "is seeking to inject into the case an element * * * it did not raise in the pleadings," and (2) The exercise of due care should have been raised by the defendant "as an affirmative defense in order to notify plaintiff."

This court, in *Hines Lumber Co. v. Purvine Logging Co.,* 240 Or 60, 63, 399 P2d 893 (1965), held that:

"A contract to return in good condition, reasonable wear-and-tear excepted, does not make the bailee an insurer of the goods. The parties may by contract place the risk of loss as they see fit, but in the absence

of an agreement to the contrary, the common-law rule applies. An agreement to return in good order, fair wear and tear excepted, is not an agreement to shift the risk of loss."

*See also* Brown on Personal Property, § 11.2 at 259 (3d ed 1975).

In *Carte v. Flury Buick-Jeep, Inc.,* 264 Or 479, 490-91, 506 P2d 701 (1973), this court held that:

"It is well established in Oregon that when it is shown that personal property has been delivered in good condition to a bailee and that the goods, when returned by the bailee, have been damaged, a presumption arises that such goods were damaged as a result of the negligence of the bailee. It is also established that in such a case the bailor has a choice of remedies for injury to the property and may maintain either an action of assumpsit for breach of the contract or 'an action based on tort.' "

*See also Shepherd v. Hub Lumber Co.,* 273 Or 331, 342, 541 P2d 439 (1975), and *Willamette Tug & Barge Co. v. Commercial Dispatching Corp.,* 180 Or 657, 178 P2d 698 (1947).

■  It is equally established, as held in *National Fire Insurance Co. v. Mogan et al,* 186 Or 285, 290, 206 P2d 963 (1949), that when, as in this case, the plaintiff-bailor elects to maintain an action of assumpsit for breach of contract

"* * * it is sufficient to allege the bailment and failure of the bailee to return the property. And upon proof of these facts a presumption of negligence on the part of the bailee arises."

This disputable presumption of negligence places a burden upon the bailee-defendant to come forward with evidence to refute the presumption. The ultimate burden of proof, however, remains with the bailor-plaintiff to show negligence on the part of the bailee-defendant. *Liberty Mutual Fire Ins. v. Hubbard,* 275 Or 567, 571, 551 P2d 1288 (1976); *National Fire*

*Insurance Co. v. Mogan et al, supra,* at 291-92; *Hines Lumber Co. v. Purvine Logging Co., supra,* at 63.[2]

■    We also disagree with the further contention by plaintiff (bailor) that if defendant (bailee) had wished to raise the issue of its own exercise of due care in order to avoid liability for loss, it must raise lack of negligence as an affirmative defense. As held in *Elston v. Wagner et al,* 216 Or 386, 390, 337 P2d 326 (1959):

> "Any fact which in effect admits the cause of action, but attempts to avoid its force and effect, must be affirmatively pleaded; but evidence which controverts facts necessary to be proved by plaintiff may be shown under a general denial."

As previously stated, it is plaintiff-bailor's burden to prove that defendant-bailee's negligence caused the loss of the goods. While he does have the benefit of a presumption of negligence on the part of the defendant-bailee, it remains a "fact necessary to be

---

[2] The Court of Appeals noted that "the Oregon cases on this subject use the terms 'inference,' 'disputable presumption' and 'prima facie case' interchangeably." (43 Or App at 166). They chose to refer to an "inference" of negligence while we have referred to a "disputable presumption" of negligence. Defendant-bailee also argues in favor of "inference" rather than "disputable presumption," contending that "inference" is preferable because it merely *allows* the jury to find for the bailor whereas a "disputable presumption" would *require* that the jury find for the bailor unless the bailee has come forward with evidence to refute the presumption.

We note, however, that in this case, as previously stated, defendant-bailee did, in fact, come forward with evidence to refute the presumption of negligence. Under these facts this is not an appropriate case, in our opinion, to decide whether a determination of negligence in a bailor-bailee case involves an inference of negligence, as opposed to a disputable presumption of negligence as would be the case had defendant-bailee failed to offer any evidence to refute the presumption of negligence.

It is also of interest to note that ORS 77.4030(1) provides:

"The bailee must deliver the goods to a person entitled under the document who complies with subsections (2) and (3) of this section unless and to the extent that the bailee establishes any of the following:

"* * * * *

"(b) Damage to or delay, loss or destruction of the goods for which the bailee is not liable, *but the burden of establishing negligence in such cases is on the person entitled under the document.*" (Emphasis added)

proved by plaintiff" and as such defendant may controvert that fact under a general denial.[3]

We hold that although plaintiff had the benefit of a disputable presumption of negligence on the part of defendant, requiring defendant to come forward with evidence to refute that presumption, the ultimate burden of proof on the issue of negligence remained with plaintiff, and that when, as in this case, defendant has offered evidence to refute that presumption, the question of whether defendant was negligent and whether that negligence caused the loss of the bailed goods is a question for the jury to decide.

## 2. *Defendant's failure to except to the refusal to give a requested instruction.*

■　　　Plaintiff also contends that defendant's requested instructions and those given by the trial court were "mutually exclusive instructions," and that defendant waived its right to assign as error the court's failure to give the requested instructions because it failed to except to the instructions given by the court on the subject of defendant's liability.

Thus, according to plaintiff, "assuming *arguendo* that the trial court should have given the requested instruction as contended by defendant,

---

[3] Plaintiff-bailor also contends that if defendant-bailee is to be permitted to present evidence of its exercise of due care it must necessarily admit that it failed to redeliver the bailed goods; and conversely, where the defendant-bailee claims, as in this case, that all the bailed goods were in fact redelivered, that defendant-bailee cannot then seek to avoid liability by making the inconsistent claim that even though the goods were lost or destroyed, the loss was not the result of its negligence.

This argument is likewise without merit. It is true that a defendant may not, in some circumstances, allege contradictory affirmative defenses, *see Pruett v. Lininger et al,* 224 Or 614, 620, 356 P2d 547 (1960). In this case, however, plaintiff had the burden of proving both that defendant failed to redeliver the goods and that the loss of the goods was caused by defendant's negligence. No reason exists why defendant, under a general denial, may not offer evidence that refutes either or both of these elements of plaintiff's cause of action.

Also, inconsistent pleadings are now permitted under new Oregon Rules of Civil Procedure not in effect for purposes of this case. *See* ORCP 16C.

defendant, nonetheless, waived its right to assign this
omission as error upon this appeal because it failed to
except to the instructions given by the court on the
subject of defendant's liability."

ORS 17.510, which was in effect when this
case was tried provides, in part, that:

> "No statement of issues submitted to the jury
> pursuant to ORS 17.320 and no instruction *given* to a
> jury in the circuit court shall be subject to review
> upon appeal unless its error, if any, was pointed out
> to the judge who gave it and unless a notation of an
> exception was made in the circuit court. It shall be
> unnecessary to note an exception in the circuit court
> to any other ruling made. * * *" (Emphasis added)

That statute clearly requires exceptions in all
cases in which parties seek review of instructions
*given* by trial courts. We have held, however, that
exceptions are not required under that statute in cases
in which trial courts refuse to give *requested* instruc-
tions. *Crow v. Junior Bootshops,* 241 Or 135, 141, 404
P2d 789 (1965); *Robbins v. Cons. Freightways,* 276 Or
127, 130, 554 P2d 149 (1976).

We note that ORS 17.510 has been repealed
(1979 Or Laws c 284, § 199) and replaced by ORCP
59(H) which states:

> "No statement of issues submitted to the jury
> pursuant to subsection C.(2) of this rule and no in-
> struction given to a jury shall be subject to review
> upon appeal unless its error, if any, was pointed out
> to the judge who gave it and unless a notation of an
> exception is made immediately after the court in-
> structs the jury. Any point of exception shall be
> particularly stated and taken down by the reporter or
> delivered in writing to the judge. It shall be unneces-
> sary to note an exception in court to any other ruling
> made. All adverse rulings, *including failure to give a
> requested instruction or a requested statement of is-
> sues,* except those contained in instructions and state-
> ments of issues given, shall import an exception in

favor of the party against whom the ruling was made."[4] (Emphasis added)

In *Holland v. Srs. of St. Joseph, Seeley,* 270 Or 129, 142, 522 P2d 208, 526 P2d 577 (1974), this court said that:

"The rule requiring an exception to an instruction as the means of preserving error is a salutary one, as the trial court by the exception is given the opportunity of correcting the alleged error and so advising the jury."

In *Crow v. Junior Bootshops, supra,* we also held, however, (at 141) that:

"* * * defendant requested, in writing, Number 11.01 of the Uniform Jury Instructions. This instruction is in essence that contributory negligence is a bar to recovery. It is not necessary to except to the court's failure to give a requested instruction. ORS 17.510. *Ira v. Columbia Food Co.,* 226 Or 566, 573, 360 P2d 622, 86 ALR 2d 1378 (1961). Defendant assigned as error the trial court's failure to give the requested instruction.

"* * * * *

"In the instant case the requested instruction gave the court opportunity to rule on the issue."

Thus, in *Crow v. Junior Bootshops, supra,* this court held that no exception was required to the failure to give a requested instruction which was directly contrary to an instruction given, so as to give the trial court an adequate opportunity to rule on the issue.

Later, in *Holland v. Srs. of St. Joseph, Seeley, supra,* in referring to our previous decision in *Crow* we said:

"In *Crow* the effect of the requested instruction was to call the trial court's attention to the fact that

---

[4] The comments to this rule state as follows:

"Section 59(H) is based upon ORS 17.505 through 17.515. The section is included as it does describe conduct in the trial court. It also provides a basis for a new trial in ORCP 64(B)(7). The council cannot make rules of appellate procedure, and the question of preserving error on appeal is one determined by the appellate courts. On the question of whether failure to give a requested instruction preserves error in instructions given, see *Holland v. Sisters of St. Joseph,* 270 Or 129 (1974), and *Becker v. Beaverton School District,* 24 Or App 879 (1976)."

the instruction given was erroneous and that contributory negligence was a defense to plaintiff's cause of action. In the instant case there was nothing in the requested instruction which *clearly and directly called to the attention of the trial court that it was error to advise the jury* that the physician's duty depended upon what a reasonably prudent physician would inform the patient.

"The rule requiring an exception to an instruction as the means of preserving error is a salutary one, as the trial court by the exception is given the opportunity of correcting the alleged error and so advising the jury. The conclusion of the court in *Crow* that the error was properly preserved by a requested instruction instead of an exception to the instruction given should not be further extended, and we have decided that it should not be applied in the instant case." 270 Or at 141-42. (Emphasis added)

*See also, Porter v. Headings,* 270 Or 281, 527 P2d 403 (1974).

The rule of *Crow,* as delineated in *Holland,* is a rule which should be carefully applied. We believe, however, that this is an appropriate case for application of that rule. In this case *both* defendant *and plaintiff* requested instructions upon the question of negligence.[5] We also note that prior to instructing

---

[5] Plaintiff requested the following instructions pertaining to the negligence issue:

Instruction No. 5:

"I instruct you that whenever anyone takes custody or possession of something which belongs to another, he owes a duty of care to the other.

"When the person assuming the custody and control of the property—in this case, the defendant—is compensated by being paid for its storage services, the duty of care is that of exercising ordinary care and control of the property."

Instruction No. 6:

"If you find that at the time the plaintiff requested the defendant to redeliver the equipment and supplies that were stored for the plaintiff by the defendant, that some of the items of equipment and supplies were missing and not returned to the plaintiff, then the

the jury the trial court expressly noted that this issue had been raised. The court explained to both counsel:

> "And thus based upon the pleadings, this court intends to instruct the jury very briefly that if all of the equipment had been returned to the plaintiff, and then this defendant is not responsible, and naturally if they find the plaintiff's equipment was not all returned to him, then the sole question is the question of how much he was damaged on the market value.

> "*No discussion will be made about* describing, telling the jury *what bailment is or negligence* or pilferage or theft or anything of that nature. No use clogging up the record any worse that (sic) it's clogged right now." (Emphasis added)

Because defendant preserved this error by requesting an instruction that "clearly and directly" called to the attention of the trial court its error in failing to instruct the jury on the question of negligence, thus giving him an opportunity to correct that error, and because the trial court appeared to recognize that the question of the negligence had been raised by both parties and chose not to so instruct the jury on that question, we hold that the defendant, by requesting such an instruction under such circumstances, was entitled to appeal from the failure to give that instruction.

It follows that the Court of Appeals was correct in reversing the judgment of the trial court and that this case must be remanded for a new trial.

---

burden of proof is upon the defendant to establish by a preponderance of the evidence that the loss of such items was not caused by the fault or want of care of the defendant."

Instruction No. 7:

"The defendant in this case had a duty to exercise the same degree of care and skill as is exercised by men of ordinary prudence and skill in a like situation. As the defendant was engaged in the business of storing property for others, the degree of care and skill required by the defendant in this case is the same degree of care and skill as one would expect to be exercised by men of ordinary prudence in a similar business of storing property for others."

**DENECKE, C. J.,** specially concurring.

I am in accord with the decision in this case. I specially concur to state that in my opinion the form of one of the requested instructions is faulty and, therefore, the failure of the trial court to give that particular instruction would not be reversible error. *Woosley v. Dunning,* 268 Or 233, 255, 520 P2d 340 (1974); *Gintner v. Handy,* 244 Or 449, 451, 419 P2d 21 (1966).

Requested instruction V stated:

"A party who stores goods for the benefit of another or for their mutual benefit is a bailee. A bailee is not an insurer of the goods stored and is only liable if you believe from the evidence and these instructions that the bailee's failure to return the goods was a result of the bailee's negligence or lack of ordinary care."

The requested instruction is faulty in form because it unnecessarily was couched in technical legal terms.

There is no necessity to define or use legal words or terms in instructing a jury. The practice of instructing in legal terms is extremely confusing to jurors. In the present case it was unnecessary to define "bailee" or distinguish a "bailee" from an "insurer."

The trial court's instructions to the jury are the weakest link in the jury system. This weakness is compounded when the lawyers request instructions in "legalese" and the trial courts give instructions in the same. I commend, Woleslagel, *The "Kiss" Principle of Jury Communication,* 14 Washburn L J 252 (1957).

**PETERSON, J.,** specially concurring.

The majority states that "this is not an appropriate case * * * to decide whether a determination of negligence in a bailor-bailee case involves an inference of negligence, as opposed to a disputable presumption of negligence" because the defendant-bailee

did come forward with evidence to refute the "presumption of negligence." 289 Or at 126 n 2. At the same time, however, the majority states that the "disputable presumption of negligence places a burden upon the bailee-defendant to come forward with evidence to refute the presumption." 289 Or at 125.

I concur with the majority, with this caveat. The rule that proof by the bailor of (1) a bailment and (2) a failure to return or return in damaged condition, creates a disputable presumption, with the "burden of going forward" shifting to the bailee, is consistent with our earlier cases, but has created confusion within the bench and bar. I favor a rule that proof of a bailment and a failure to return, or return in damaged condition, creates a permissive inference, which the trier of fact can accept or reject. No "burden of going forward" is created; no "risk of nonpersuasion" is imposed on the bailee.

It is not necessary to decide that question in this case, but I want to disassociate myself from that portion of the majority opinion which states the rule in terms of a disputable presumption. 289 Or at 125-127.

Lent, J., joins in this specially concurring opinion.