Argued and submitted July 7, reversed and remanded September 24, 1986

BOSSINGHAM,
*Appellant,*

*v.*

KLAMATH COUNTY et al,
*Respondents.*

(84-727 CV; CA A36088)

725 P2d 931

George W. Kelly, Eugene, argued the cause and filed the briefs for appellant.

· Robert F. L. Trotman, Klamath Falls, argued the cause for respondents. With him on the brief was Giacomini, Jones & Associates, Klamath Falls.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Plaintiff was arrested in Klamath County at approximately 1:30 a.m. on November 2, 1982, pursuant to a valid warrant from Douglas County. The arresting officer took him to the Klamath County jail, where he was booked at approximately 3:00 a.m. and was held until approximately 7:30 a.m., at which time he was transported to Douglas County. He commenced this action against Klamath County and some of its employes, alleging that the conditions in which he was detained in Klamath County violated his constitutional rights. Specifically, he claims that he was denied a telephone call despite several requests, that the jail cell was unsanitary and that he was harassed by other detainees in the cell. He sought damages for the alleged violation of his state constitutional rights and, under 42 USC § 1983, for the alleged violation of his federal constitutional rights. On defendants' motion, the trial court removed the issue of the conditions of the jail cell from the jury's consideration. The jury returned a verdict for defendants on plaintiff's remaining claims. He assigns error to the trial court's removing the jail cell conditions issue from the jury's consideration and to two jury instructions.

■   Plaintiff, in his third assignment, argues that the trial court erred in giving the jury a certain instruction. He did not except to the giving of the instruction or request a proper instruction. He did not preserve the claimed error. ORCP 59H; *Roberts v. Mitchell Bros.*, 289 Or 119, 131, 611 P2d 297 (1980).

■   In his first assignment, plaintiff contests the trial court's failure to give a requested instruction concerning the denial of his right to make a telephone call. The court instructed:

> "If you find that the defendants refused plaintiff a phone call then you must decide whether plaintiff's constitutional rights in that area have been violated.

> "If you find that * * * his constitutional rights were violated, you must then decide whether plaintiff suffered damage * * *."

Plaintiff requested this instruction:

> "If you find that the Defendants refused to allow Plaintiff

a phone call, or to talk to his wife or anyone in [the] outside world, then you must find that Plaintiff's constitutional rights have been violated."

Plaintiff did not except to the instruction actually given, so he may assign error to the failure to give his requested instruction only if it was a correct statement of the law and clearly brought to the trial court's attention the claimed error in the instruction actually given. *Roberts v. Mitchell Bros., supra.*

Plaintiff's requested instruction assumes that an arrested person who has not yet been charged has a constitutional right to make a telephone call under either the state or federal constitutions. Plaintiff makes only vague references to Article I, section 13, the "unnecessary rigor" clause, and the prohibition against suspension of the writ of habeas corpus contained in Article I, section 23, of the state constitution. He does not attempt to enlighten us on how they might apply, and we decline to fabricate arguments for him.

The only case law on which plaintiff relies is *State v. Newton,* 291 Or 788, 636 P2d 393 (1981), decided under the federal constitution. It holds that an arrestee has, under the Fourteenth Amendment, a protected liberty interest, including the right to communicate with the outside world, which cannot be officially restricted in the absence of legal authority to do so. 291 Or at 806-807.

It is clear from plaintiff's requested instruction that he was contending that, if the jury found certain facts to be true, then his constitutional rights had been violated as a matter of law. The trial court was clearly apprised by the requested instruction that plaintiff maintained that it was error for the court to leave to the jury the question of whether the constitution required that he be allowed to make a telephone call.

■ ■ The requested instruction was accurate as far as it went. Arrested persons do have a liberty interest in communicating with the outside world which is protected by the Fourteenth Amendment. *State v. Newton, supra.* The interest is not absolute, however, and "the police may lawfully restrict the freedom of an arrested person to communicate to the degree reasonably required for the performance of their duties." *State v. Newton, supra,* 291 Or at 807. If the police

deny a person a phone call because of a legitimate reason, they do not transgress the constitutional limitation. However, defendants advanced no excuse or reason for denying plaintiff a telephone call; instead they contended that he was allowed to make a call but declined. Although plaintiff's requested instruction was not a complete statement of the law, under the facts of this case it was error not to give it.

■   Plaintiff contends in his final assignment that the trial court erred in removing the issue of the unsanitary jail cell from the jury's consideration.[1] In his complaint, he simply claimed that his "incarceration * * * under unclean and dangerous conditions" was "unconstitutional." The first count sought damages under the Oregon Tort Claims Act, apparently for the alleged violation of his state constitutional rights. The second count was for damages under 42 USC § 1983, apparently for the alleged violation of his federal constitutional rights. Defendants moved to remove that issue as to both counts on the grounds that there is no authority to base a tort claim on the violation of a state constitutional right and that plaintiff had failed to establish any state or federal constitutional violation. In response to defendants' assertion that "plaintiff has failed to allege violations of any specific constitutional provisions," his attorney indicated that he was relying on the prohibitions against cruel and unusual punishment found in the Eighth Amendment to the United States Constitution and Article I, section 16, of the Oregon Constitution.

In granting defendants' motion, the trial court indicated that its ruling was based, in part, on the principle that Oregon courts have not yet recognized a tort claim based directly on a violation of the state constitution. *But see Nelson v. Lane County,* 79 Or App 753, 757, 720 P2d 1291 *rev allowed* 301 Or 765 (1986). Plaintiff does not assert that that part of the ruling as error.

■   That leaves only the federal aspect of plaintiff's constitutional claim. He asserted in the trial court that his

---

[1] Defendants styled it as a motion for a directed verdict. When a party moves to remove fewer than all of the issues in a claim, the motion is not for a directed verdict, but for a peremptory instruction or to strike certain allegations. *See Hoekstre v. Golden B. Products,* 77 Or App 104, 108 n 4, 712 P2d 149 (1985), *rev den* 300 Or 563 (1986). We will treat the motion as if it had been properly characterized.

claim was based only on the Eighth Amendment. The United States Supreme Court has held, however, that the Eighth Amendment applies only to persons who have been convicted of crimes. *Ingraham v. Wright,* 430 US 651, 671 n 40, 97 S Ct 1401, 51 L Ed 2d 711 (1977); *see also Capps v. Atiyeh,* 559 F Supp 894, 897 n 3 (D Or 1982). The trial court did not err in removing the issue from the jury's consideration.

Reversed and remanded.