Argued and submitted April 22, reversed and remanded with instructions; otherwise affirmed June 5, 1985

JENSEN,
*Respondent,*

*v.*

OSBURN,
*Appellant.*

(16-83-03702; CA A32567)

701 P2d 790

William E. Flinn, Eugene, argued the cause for appellant. With him on the brief was Flinn, Brown & Roseta, Eugene.

Larry J. Anderson, Eugene, argued the cause for respondent. With him on the brief was Anderson, Morey & Sorenson, Eugene.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant appeals from a judgment awarding plaintiff general and special damages of $13,641.36 for injuries she sustained in an automobile accident. The only challenge defendant makes is to the inclusion in the judgment of $2,569 as special damages for lost earnings. At the time of the accident, plaintiff was unemployed.[1] The basis for her lost earnings claim was that her injuries delayed for five months her graduation from Springfield Beauty College and, therefore, her employment as a cosmetologist. Shortly after she graduated, plaintiff successfully completed her state certification examination and obtained a job. She computed the amount of her lost earnings by multiplying her average monthly earnings during the first four months of her employment times five.

Defendant assigns error, first, to the trial court's denial of his motion to strike the lost earnings allegation and, second, to the court's instruction that the jury could award special damages for lost earnings. The bases for defendant's motion and for his exception to the instruction were that special damages for lost earnings cannot be recovered by a person who is not employed at the time of injury and that plaintiff could recover the $2,569 only through a claim for impaired earning capacity as an item of general damages.

Defendant's assignments are squarely supported by—and the rulings defendant sought in the trial court were plainly required by—*Baxter v. Baker,* 253 Or 376, 451 P2d 456, 454 P2d 855 (1969), and *Conachan v. Williams,* 266 Or 45, 511 P2d 392 (1973). The trial judge was aware of one or both of those cases, but he nevertheless stated, in denying the motion to strike:

"[*Conachan*], which I recognize is the law and was the law, apparently is still the law, but if you read it, I do not think that it is grounded in either reason or logic, and I think it is time that it be changed.

"[Defendant's Attorney]: There are subsequent opinions that have interpreted it as I have.

---

[1] At the time of the accident plaintiff worked one day a week as a receptionist at the school she was attending, but neither party argues that that fact has any bearing on the issue in this appeal.

"THE COURT: I think they have no more founding in law and in logic than the original, and I call [to] your attention that not one member in the Supreme Court who decided this case is presently sitting on the Supreme Court. * * *"

As plaintiff points out, Judge O'Connell, joined by two other members of the court, dissented in *Baxter* and offered cogent reasons for reaching a different conclusion than that of the majority. *See also* the separate opinion of Denecke, J., in *Conachan,* 266 Or at 69. However, neither the trial court nor this court has the authority to determine whether *Baxter* and *Conachan* were correctly decided. We do not share the trial judge's view that it was his prerogative wilfully to disregard the Supreme Court decisions with which he disagreed.

Reversed and remanded with instructions to delete the award of special damages for loss of earnings from the judgment; otherwise affirmed.[2]

---

[2] In addition to its instruction on loss of earnings as an item of special damages, the court also charged the jury that it could include in its award of general damages "the sum that will reasonably compensate plaintiff for any impairment of [past or future] earning capacity." Defendant states in his brief—but does not separately assign as error—that, "[i]f the jury followed the court's instructions, the plaintiff should have ended up with a double recovery on the pretrial loss of income claim." Plaintiff sought $37,500 in general damages; the jury awarded $8,400. Defendant may be correct in his conjecture that the general damages assessed by the jury included an amount that duplicated the special damages awarded for lost earnings. However, it is just as possible that the jury did not include damages for impaired earning capacity in the general award, because it regarded its special damage award as compensating plaintiff for the same loss. In other words, by submitting both theories to the jury, knowing one of them to be contrary to binding authority, the trial court may have effectively defeated the jury's attempt to make plaintiff whole.