Argued and submitted November 28, 1988, reversed and remanded January 11, 1989

# CARPENTER,
*Respondent,*

*v.*

# WALSH,
*Appellant.*

## (86-CV-0261-TM; CA A44697)

767 P2d 102

Ralph C. Spooner, Salem, argued the cause and filed the briefs for appellant.

Daniel C. Steelhammer, Bend, argued the cause for respondent. With him on the brief were Bruce Brothers and Brothers, Drew & Tiktin, Bend.

Before Warden, Presiding Judge pro tempore, and Graber and Riggs, Judges.

GRABER, J.

## GRABER, J.

Defendant appeals a judgment awarding plaintiff damages for injuries that she sustained in an automobile accident. He assigns as error two instructions, arguing that they permitted plaintiff to recover twice for past loss of income. We reverse and remand.

Plaintiff sued on a theory of negligence and sought $50,000 in general damages, $5,500 in special damages for medical expenses and $12,500 in special damages for lost earnings. She requested and the court gave these instructions:

"In determining the amount of general damages, you may consider each of the following:

"* * * * *

"Second, you may consider the extent to which plaintiff's injuries *have in the past* and will *impair her ability to work* and perform labor in the future and the effect if any, upon her future earning capacity;

"* * * * *

"Special damages include the following items:

"* * * * *

"2. The amount of the earnings lost by [plaintiff] since the injury to date. This amount may not exceed the sum of $12,500.00." (Emphasis supplied.)

The court gave no instruction limiting the jury to one award for lost earnings. Defendant excepted to the giving of both instructions and asked the court to instruct on past wage loss "[e]ither * * * one way or the other but not both."

The first instruction allowed the jury to compensate plaintiff for past impairment of earning capacity.[1] The second referred to actual earnings lost before trial. In *Conachan v.*

---

[1] Plaintiff's argument that the instruction tells the jury only to "consider" past impairment of earning capacity but not to "compensate" for it has no merit. The instruction begins with this sentence:

"If you find that plaintiff * * * is entitled to recover damages, *then it is your duty to determine the amount of general damages* that she has suffered because of any injuries which have been caused by the negligence of the defendant." (Emphasis supplied.)

The instruction then lists various factors that the jury "may consider" in arriving at the amount of compensation.

*Williams,* 266 Or 45, 57-8, 511 P2d 392 (1973), the court explained how those concepts relate:

> "[I]f the plaintiff was employed at a fixed wage at the time of his injury and if the amount of his lost wages is pleaded as special damages, the jury should be instructed * * * that he is entitled to recover as special damages the amount of his lost wages. If, however, such a plaintiff does not plead the amount of his lost wages or if plaintiff was not employed at a fixed wage at that time, but on some basis not susceptible to exact computation, as in this case, or if he was not working at the time of his injury, and if impairment of earning capacity is pleaded in general terms * * *, an instruction should be given that he is entitled to recover for any impairment of his earning capacity as a result of the injury, for the period both before trial and also after trial, if such impairment is a continuing one, and that any such recovery is to be included in any damages award by the jury."

It is improper to give both instructions without explaining that a plaintiff may recover only once for loss of past earnings. *See Porter v. Headings,* 270 Or 281, 286-87, 527 P2d 403 (1974).

The jury did not award plaintiff the maximum damages that she sought, so it is not certain that she received a double recovery. *See Jensen v. Osburn,* 74 Or App 7, 10 n 2, 701 P2d 790 (1985). Nonetheless, the two instructions, taken together, without a limiting instruction, probably created an erroneous impression of the law in the minds of the jurors. *See Waterway Terminals v. P. S. Lord,* 256 Or 361, 370, 474 P2d 309 (1970).

Reversed and remanded.[2]

---

[2] Because we reverse and remand, defendant's other assignment of error is moot. Plaintiff's motion for damages under ORS 19.160 is, of course, denied.