Submitted on record and briefs December 7, 1987, reversed and remanded February 8, 1989

JOLE,
*Appellant,*

*v.*

BREDBENNER et al,
*Respondents.*

(16-85-07467; CA A43267)

768 P2d 433

R. Scott Palmer, Timothy A. Sylwester and Harrang, Long, Watkinson & Arnold, P.C., Eugene, filed the briefs for appellant.

William W. Bromley and Henderson & Associates, Eugene, filed the brief for respondents.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

**DEITS, J.**

Plaintiff, a landlord, appeals the trial court's judgment dismissing her action for recovery of rent, plus interest, costs and attorney fees, from defendants, her tenants. We reverse.

Plaintiff is the owner of a house that defendants rented for several years. The parties' rental agreement provided for a month-to-month tenancy at a rent of $550 per month. Between November, 1981, and June, 1984, defendants missed several payments as a result of unemployment. The missed payments totaled approximately $4,400. In August, 1984, defendant Fred Bredbenner met with plaintiff and her husband to discuss payment of the arrearage. At that meeting, Fred said that defendants could not pay the debt immediately, but that they would attempt to do so by the end of January, 1985. Plaintiff's husband told Fred that they would have to make additional monthly payments of at least $25 to be applied toward the debt. The parties also discussed changing the date on which the monthly payments would be made.

On August 27, 1984, plaintiff sent defendants a letter setting out the terms agreed to in the meeting. It provided, in relevant part:

"Following are the terms we discussed and agreed on:

"1) Regular monthly rent payments of $550.00 will be made on or before the 23rd day of each and every month beginning in September, 1984. Exceptions of a few days will be made in months when your pay day falls on a weekend.

"2) A minimum payment of $25.00 to be deducted from the remaining balance will be made on each month. You will attempt to pay more on the remaining balance and get this paid off as soon as possible.

"3) Beginning in October, 1984, you will attempt to pay the rent payment from your paycheck of the 5th.

"4) If payments are not made on or before the 23rd day of each and every month, a 72 hour notice to vacate will be served."

After the meeting, defendants regularly paid $25 and sometimes $50 per month on the arrearage. In February, 1985, plaintiff made a written demand for full payment of the

remaining balance, plus interest.[1] Defendants refused, contending that they were not obligated to repay the debt at one time so long as they were complying with the terms of the August letter. Plaintiff filed this action, seeking all unpaid rent, statutory interest pursuant to ORS 82.010(2)(a), costs and reasonable attorney fees. Defendants asserted the August modification of the parties' original rental agreement as an affirmative defense. The trial court, sitting without a jury, found for defendants. Plaintiff appeals.

■    Plaintiff first assigns as error the trial court's conclusion that she had agreed to forebear indefinitely collection of the back rent so long as defendant made monthly payments of at least $25. She argues in the alternative that, even assuming that there was such an agreement, there was no consideration to support it.

■    To be binding, a modification of a contract must be supported by consideration. *Liberty Mutual Fire Ins. v. Hubbard,* 275 Or 567, 570, 551 P2d 1288 (1976). Defendants argue that the modification was supported by three forms of consideration: a change in the rent due date, an agreement by defendants to remain as tenants and a compromise of the amount due. The trial court did not make a specific finding that the modification agreement was supported by consideration. However, the judge said:

> "The Court obviously feels there was an agreement reached by the parties in August of '84. They each were armed with the manager['s] statement of the arrearage, discussed and agreed to it. And agreed that that amount, no more, no less, would be due and owing from the Defendants to the Plaintiff and could, could and would be paid at not less than $25 per month. And agreed also for a change in the due date."

We conclude that, even if it can be inferred that plaintiff agreed to forebear from collection of back rent so long as defendant made the $25 per month payment, there was no consideration to support that agreement.

■    First, we hold as a matter of law that the parties did not change the due date for the rent. Although plaintiff did state on cross-examination that the parties agreed to a change

---

[1] Plaintiff's demand apparently was made after defendants had told her that they planned to move to California.

in the due date, both parties testified that the August letter was a complete and accurate reflection of their agreement. Under its terms, defendants were not legally obligated to make payments before the 23rd of each month, which was the original due date. Under the third provision of the August letter, defendants agreed that, beginning in October, 1984, they would "attempt to pay the rent from [their] paycheck of the 5th." However, in the first provision of the letter, the parties agreed that regular monthly payments would continue to be due "on or before the 23rd day of each and every month." The trial court apparently concluded that those provisions, taken together, had the legal effect of changing the date when the rental payments were due. We disagree. The third provision at most constitutes a promise by defendants to make a good faith effort to make payments on time by paying out of a specific paycheck. Defendants were already under a legal obligation to make timely payments. A promise to do what a promissor is already legally obligated to do is not consideration. *Meyer v. Livesley,* 56 Or 383, 389, 108 P 121 (1910). Accordingly, defendants' promise to make timely payments did not constitute consideration.

Defendants also argue that their promise to remain as plaintiff's tenants was consideration for the August agreement. The trial court made no specific findings on this point. However, nothing in the record supports defendants' contention that they agreed to remain as tenants on anything other than a month-to-month basis. Indeed, defendants themselves testified that the parties did not discuss, let alone agree to, a legal commitment that they would remain as tenants for any specific time.[2] The fact that the parties may have assumed that defendants would remain as tenants did not constitute a

---

[2] On cross-examination, plaintiff's counsel asked Fred Bredbenner to read from an affidavit that he had signed stating that the August agreement was made in exchange for defendants' agreement to continue living in the house. The following exchange then took place:

"Q. Mr. Bredbenner, that is, in fact, false; isn't it? There was never any agreement as to * * * you continuing to reside in the house; is that correct?

"A. I guess that is right. * * * Other than [plaintiff] never said to move or anything like that, so — for lack of paying rent."

When questioned by his own counsel on redirect, Bredbenner stated that he had "indicated" at the August meeting that he would continue living in the house, "but for no specific term of time."

legal detriment to defendants; accordingly, that assumption was not consideration.

■    Defendants next argue that consideration for the August agreement was supplied by the parties' mutual settlement of the amount due on the arrearage. Generally, a good-faith compromise settlement of a disputed claim can constitute consideration. *Holder v. Harris et al,* 121 Or 432, 441, 253 P 869 (1927). However, there is no evidence of a compromise in this case. Before the August meeting, the property manager had sent both parties a copy of his accounting of the past due rent. The trial court found that, at the August meeting, the parties "discussed and agreed" to that statement of account. There is absolutely no evidence in the record to support that finding. On the contrary, both parties testified that the amount due was never discussed, much less bargained about.[3] Accordingly, because there was no dispute over the amount owing, no compromise could have occurred and, thus, as a matter of law, no consideration could have been supplied for the August agreement.

Defendants finally argue that they waived their Statute of Limitations defense to most of the arrearage and that that waiver provides consideration for the agreement. We can find nothing in the record to suggest that the parties discussed or were aware of the Statute of Limitations. Neither do we find any indication that defendants waived the defense, if indeed it existed, "by conduct which amounts to a relinquishment of the right to assert it." 51 Am Jur 2d, "Limitation of Actions," § 425 at 895. The possible existence of a defense cannot by itself give rise to a waiver of the defense if the parties negotiate without knowledge that the defense exists.

---

[3] On cross-examination, defendant Fred Bredbenner testified:

"Q. Do you recall at [the August meeting] whether there was any dispute between you yourself and [plaintiff] regarding the amount of rent that was past due?

"A. I don't think the amount came up, actually.

"Q. So, at that time you weren't haggling with [plaintiff] about how much was due, or anything of that nature?

"A. No.

"Q. At that time you didn't go through an accounting as to which payments were missed and when?

"A. No."

Because we conclude that the August agreement was not supported by consideration, we need not consider plaintiff's second assignment of error. The remaining assignments of error are without merit.

Reversed and remanded.