999 F.2d 543
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jose Maria MENDEZ-MENDOZA, Plaintiff-Appellant,
v.
Officers Robert MILTON, Eric Karl Nelson, Steven T. Burke,
Larry L. Welty and Oregon State Police Dept.
Superintendent R.G. Madsen, Defendants-Appellees.
 No. 92-36585.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 15, 1993.*
Decided July 20, 1993.
 
 Before: GOODWIN, FARRIS and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mendez-Mendoza argues that the release-dismissal agreement is invalid because: 1) it was not supported by consideration; 2) it was the result of unilateral mistake or district attorney misrepresentation; and 3) it violates public policy. We affirm.
 
 
 3
 Mendez-Mendoza contends that the agreement was not supported by consideration because the district attorney would have dismissed the charges without the release. The argument is misplaced. Although the performance of a legal duty does not constitute consideration to support a promise, see Jole v. Bredbenner, 768 P.2d 433, 435 (Or.1989), the district attorney was under no legal duty to dismiss the charges. The charges were supported by probable cause and raised a triable issue of fact concerning Mendez-Mendoza's intent. An agreement not to prosecute a valid claim constitutes good consideration. Salmeron v. United States, 724 F.2d 1357, 1363 (9th Cir.1983); Reid-Strutt, Inc. v. Wagner, 671 P.2d 724, 726 (Or.1983).
 
 
 4
 Mendez-Mendoza argues that the release agreement is invalid because of his attorney's mistaken belief that the release was necessary to secure the dismissal of the charges. Mendez-Mendoza's attorney knew, however, that the district attorney: 1) undertook an independent assessment of the merits of the criminal case independent of the release agreement, and 2) would not have pursued the prosecution if he had become convinced of Mendez-Mendoza's innocence. These findings--supported by the record--undermine Mendez-Mendoza's argument.
 
 
 5
 Finally, Mendez-Mendoza argues that the release-dismissal agreement violates public policy. The Supreme Court has stated that such agreements "may further legitimate prosecutorial and public interests" and are not per se invalid. Newton v. Rumery, 480 U.S. 386, 397 (1987). A release-dismissal agreement is valid if: 1) it was entered voluntarily, 2) there was no prosecutorial misconduct, and 3) enforcement of the agreement would not adversely affect the relevant public interests. Id. at 398. The agreement was proposed and drafted by Mendez-Mendoza, who signed it voluntarily after consulting with his attorney. There was no prosecutorial misconduct. The release serves the important public interest of eliminating the defendant's exposure to criminal liability while at the same time protecting investigating officers from exposure to civil liability for their conduct.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3