**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DANE JENSEN; JENNIFER JENSEN, | No. 13-35703 |
| Plaintiffs - Appellants, | D.C. No. 3:12-cv-00333-ST |
| v. | MEMORANDUM* |
| U.S. BANK N.A., d/b/a U.S. BANK HOME MORTGAGE, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon, Portland
Janice M. Stewart, Magistrate Judge, Presiding

Argued and Submitted May 5, 2015
Portland, Oregon

Before: FLETCHER and HURWITZ, Circuit Judges, and WALTER, Senior
District Judge.**

This case arises out of negative credit reporting incurred by appellants Dane

and Jennifer Jensen ("the Jensens") after the Jensens were denied a permanent loan

modification under the federal Home Affordable Modification Program ("HAMP")

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The Honorable Donald E. Walter, Senior United States District Judge
for Western Louisiana, sitting by designation.

and failed to cure the resultant loan delinquency thereafter. Appellee U.S. Bank N.A. d/b/a U.S. Bank Home Mortgage ("U.S. Bank") serviced the Jensens' home mortgage and was the entity to which the Jensens applied for a HAMP modification, in an effort to reduce their monthly mortgage payments. As part of the application process, the Jensens participated in a Trial Period Plan ("TPP"), during which the Jensens were allowed to make reduced mortgage payments for three consecutive months while U.S. Bank considered the Jensens' eligibility for a permanent modification. Ultimately, the Jensens were denied a loan modification, at which point U.S. Bank demanded payment to cure the delinquency that arose as a result of the three reduced TPP payments made in place of the Jensens' regular monthly payments. The Jensens failed to cure the delinquency and, as a result, incurred negative credit reporting by U.S. Bank.

At the outset, it is incumbent upon us to make clear that the Jensens did not sue U.S. Bank for breach of the agreement to participate in a TPP under HAMP, which is the only private right of action arising from HAMP that has been recognized by this circuit. *See Corvello v. Wells Fargo Bank, NA*, 728 F.3d 878 (9th Cir. 2013) (per curiam). Instead, the Jensens appeal the district court's grant of summary judgment on the Jensens' claims for violations of the Fair Credit Reporting Act, 15 U.S.C. §§1681–1681x ("FCRA"), and the Real Estate

2

Settlement Procedures Act of 1974, 12 U.S.C. §§ 2601–2617 ("RESPA").

Following a review of the record and with the benefit of oral argument, we affirm the district court's dismissal of the Jensens' claims.

To initiate the HAMP process, the Jensens were required to sign a TPP agreement. In order to find in favor of the Jensens, we would have to ignore the clear language of the TPP, by which the following terms were made unambiguous: the TPP itself was not a modification of the Jensens' loan; the Jensens remained bound by the terms and provisions of the original loan documents; and U.S. Bank did not relinquish any of the rights and remedies provided by the original loan documents. Indeed, even the TPP payments were not posted until such time as the amount totaled enough to pay the oldest delinquent payment. Therefore, even during the TPP, the loan was still being serviced in accordance with the original mortgage and accompanying note.

It is undisputed that the Jensens were bound by an enforceable home mortgage, issued in May of 2008 and serviced by U.S. Bank. It is further undisputed that the Jensens properly made three reduced payments, during the TPP months of October through December 2009. In December 2009, the Jensens were timely notified via telephone and in writing that they had been denied a permanent loan modification. At that time, the Jensens remained subject to the terms of their

original mortgage and loan, as confirmed by the penultimate paragraph of the TPP, which clearly and unambiguously stated that all terms and provisions of the original loan documents remained in full force and effect. Beginning in January 2010, when U.S. Bank began demanding payment to cure the delinquency, the Jensens understood that the delinquent amount represented the total difference between the Jensens' original monthly mortgage payments and the three reduced payments made during the TPP. At no time did the Jensens dispute the nature of the delinquent amount nor did the Jensens dispute that they, in fact, owed some amount to cure the delinquency. Instead, the Jensens maintained, at all times relevant and throughout this appeal, that the only question in dispute was *when* the Jensens were required to cure the delinquency.

The Jensens argue that, based on alleged oral representations made to the Jensens by various U.S. Bank employees, the Jensens were entitled to delay payment of the delinquent amount until the end of the loan, without suffering any adverse consequences. If we gave credence to that argument, the result would in fact be a modification of the Jensens' loan agreement, in that the Jensens would be granted relief from their regular monthly payment obligations. The Jensens primarily rely on oral representations that arrearages would be "tacked onto the end of the loan." Any such statements would have occurred prior to the signing of the

4

TPP and therefore are not admissible under the parol evidence rule. *See Abercrombie v. Hayden Corp.*, 883 P.2d 845, 850 (Or. 1994) ("The parol evidence rule, in brief, provides that a binding, completely integrated, written agreement supersedes or discharges all agreements, written or oral, that were made before the completely integrated agreement, to the extent that the prior agreements are within the scope of the completely integrated agreement."); *see also* O.R.S. § 41.740. The Jensens also rely upon representations made in March 2010, by U.S. Bank employee Jackie, to act as oral modifications of the original loan agreement. However, under Oregon law, an oral promise to do what a promisor is already legally obligated to do is not consideration; an oral modification is not enforceable unless there is offer, acceptance, and consideration. *See Jole v. Bredbenner*, 768 P.2d 433, 435 (Or. Ct. App. 1989); *see also Mitchell v. Pacific First Bank*, 880 P.2d 490, 496–97 n.7 (Or. Ct. App. 1994).

In light of the Jensens being denied a permanent loan modification, the relative positions of the parties returned to status quo ante. The Jensens then failed to meet their regular payment obligations, for which negative credit reporting was a known consequence. Because we find that the Jensens were indeed delinquent on their mortgage payments, U.S. Bank was justified in reporting the account as delinquent to the credit reporting agencies. Therefore, we need not reach the merits

of the Jensens' claims for violations of the FCRA and RESPA.

**AFFIRMED.**

*Jensen v. U.S. Bank, N.A.*, 13-35703

HURWITZ, Circuit Judge, dissenting:

Because I conclude that the district court erred in granting summary judgment in favor of U.S. Bank on the FCRA and RESPA claims, I respectfully dissent.

**1.** Applying the parol evidence rule, the district court excluded testimony about oral representations made by bank employees that the Jensens were not required to pay delinquencies accruing during the TPP period until the end of the loan. None of the governing documents, however, addresses the timing of these payments. Because the alleged oral representations do not contradict the written agreements, they were improperly excluded. *See, e.g.*, *Siegner v. Interstate Prod. Credit Ass'n of Spokane*, 820 P.2d 20, 26-27 (Or. Ct. App. 1991) ("To the extent that [the writings] do not explain [an important aspect of] how the loans [work], the documents are incomplete and the parties could not have intended them to constitute their entire agreement."); *see also Abercrombie v. Hayden Corp.*, 883 P.2d 845, 853 (Or. 1994) ("The parol evidence rule does not prohibit a party from introducing evidence extrinsic to a writing to explain an ambiguity in the writing, even when the writing is a completely integrated agreement.").

And, if believed, Mr. Jensen's attestations about the bank employees' oral representations would establish that U.S. Bank failed to remedy improperly reported

delinquencies after the Jensens disputed the delinquencies with the credit bureaus, in violation of the FCRA. *See Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009); *Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1059-60 (9th Cir. 2002). Summary judgment on the FCRA claim was therefore improper.

**2.** In any event, U.S. Bank has conceded that the Jensens' accounts were improperly reported as delinquent *during* the TPP term. U.S. Bank characterizes this violation as inconsequential, arguing that two falsely reported months of delinquencies among several correctly reported months could not have caused "actual damages" under the FCRA. But the Jensens had good credit before the negative reporting began and were distraught when their credit was ruined; whether the conceded violation was a "substantial factor" in causing injuries cognizable under the FCRA should be resolved at trial. *See, e.g.*, *Clements v. Airport Auth. of Washoe Cnty.*, 69 F.3d 321, 335 (9th Cir. 1995) (reserving "substantial factor" question for trial); *Bradshaw v. BAC Home Loans Servicing, LP*, 816 F. Supp. 2d 1066, 1075-76 (D. Or. 2011) (same); *cf. Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995) (emotional distress is cognizable under the FCRA).

**3.** For the same reason, summary judgment on the RESPA claim was improper. U.S. Bank concedes that it violated 12 U.S.C. § 2605(e)(3) when it failed

2

to cease negative reporting during the sixty-day period after the Jensens advised the bank in writing that they were disputing the delinquencies. Assuming the Jensens' alleged injuries are cognizable under RESPA—an issue not reached below nor addressed by the majority—whether those injuries were caused by the unlawful negative reporting during this sixty-day period should be resolved at trial.